Hemphill, Ci-i. J.
The only question of any importance in this case is,, whether tiie County or Probate Court can take eognizauce of litigated and' unsettled accounts between the representatives of partners and proceed to adjust and settle their respective claims. The judgment of the District Court, which is brought up for revision, is adverse to the assumption of such power by tiie County Court; and tiie able argument of the counsel for the appellant has failed to convince us that there was any error in such judgment.
All claims for money must be presented to tiie chief justice for his-rejection or approval; but, if dispute arise between tiie parties, if tile claim be disallowed by tiie administrator or rejected by tiie chief justice, the controversy must be referred to tiie District Court for adjudication. After the establishment of the claim by suit, it is then brought within tiie control of the-County Court, and measures to enforce its payment must he taken within that jurisdiction.
*70 There is, perhaps, hut one ease in which litigation on a claim against the deceased is conducted before the Probate Court, and that is for tlie enforcement of an executory contract to convey title to lands. (Art. 1162, Dig.) In others, the law contemplates tiiat the suit shall be brought in tlie District Court. This was expressly declared by the probate acts of 1840 and 1846; and though not speeilied in the act of 1848, yet this omission cannot be coustrued into a grant of jurisdiction to the Probate Court. The provisions of the act of 1846, regular-ting proceedings in the District Courts, define tile character of tlie judgment to be rendered on claims against executors and administrators; and these remaining unrepealed, it becomes unnecessary to refer to more general principles on which to sustain the exclusive jurisdiction of the District Court over claims against tlie estate of a decedent which are involved in litigation.
Judgment affirmed.