## No. 5612.

### JOHN L. HICKMAN ET AL. v. JOSEPH STEWART ET AL.

1. PURCHASER—TRUSTEE AND CESTUI QUE TRUST.—A trustee or executor who purchases the estate from the *cestui que trust*, or heir, must pay therefor a full, fair and adequate consideration, and if there be any con cealment as to the real value of the property, or a false or fraudulent representation as to the value thereof, the sale will be set aside.
2. JURISDICTION.—Though an estate be in course of administration by an executrix acting without bond under will, the district court, if the amount in controversy be sufficient, will have jurisdiction in a suit brought against the executrix by one of the legatees joined by her husband to set aside for fraud, a deed made by such a legatee to the executrix.
3. EVIDENCE—FRAUD—DEED.—If a deed from a married woman be procured by fraud in the purchaser, the fact that the deed contained recitals that the vendor "had employed able counsel, that the deed was made without solicitation from the vendee, and with a full knowledge of the vendor's rights," will not estop such married woman from showing that the purchaser who occupied as between the parties the position of a trustee had fraudulently concealed the value of the property.

APPEAL from Maverick. Tried below before the Hon. D. P. Marr.

In this case the appellant, John S. Hickman, who was the husband of his co-plaintiff, Lucretia Hickman, sued Josefa Stone to set aside for fraud a conveyance made by the plaintiffs to Josefa Stone, of Lucretia Hickman's interest in her deceased father's estate. That father, William Stone, was the husband of the defendant, and she, under his will administered his estate without bond. The plaintiffs alleged that when they made the deed to Josefa they were both poor, young and inexperienced; that they reposed confidence in the defendant, Josefa Stone, who knowing the value of the estate, concealed it from them, and falsely represented its value to be many thousand dollars less than it really was; that she paid plaintiffs for their interest five times less than its value. The deed was set forth in the petition, and it recited that the conveyance was made without solicitation from Josefa, the defendant, and "with a full knowledge of the rights present and prospective of the said Lucretia, with full knowledge of the value of the property, being advised

by able counsel," etc. Specific charges showing great inadequacy of price paid were specially set forth.

*L. N. Walthall,* for appellant: On his proposition, that a receipt given by an heir to an executor, for a specific amount of money, in full of his share in the estate, is not binding upon the heir as to any residue coming to him as heir, cited Clift v. Wade, 51 Texas, 14. That a trustee can not purchase, nor deal with, the trust estate—the two characters of trustee and purchaser are inconsistent—he cited, The Howards v. Davis, 6 Texas, 183 ; Merriman v. Russell, 39 Texas, 278 ; Pomeroy's Eq. Jur., secs. 902, 904, 956, 1052, 1058, 1062 ; Fulton v. Whitney, 66 N. Y., 548 ; Devoue v. Fanning, 2 Johns Ch. R., 252 ; and the cases therein discussed, especially Ex parte Lacy, 6 Vesey, 625 ; Ex parte Hughes, 6 Vesey, 617 ; Ex parte James, 8 Vesey, 337 ; Ex parte Bennett, 10 Vesey, 385 ; Munro v. Allaire, 2 Caine's Cases in Error, 183 ; Stephen v. Beall, 22 Wal., 345 ; Michoud v. Girad, 4 How. (U. S.), 552.

The Court erred in holding that the district court had no jurisdiction to hear and determine said cause ; and that the county court· "possesses plenary and exclusive jurisdiction to determine the matters alleged in said petition." Dobbin v. Bryan, 5 Texas, 276 ; Newsom v. Chrisman, 9 Texas, 113; Smith v. Smith, 11 Texas, 102; Crain v. Crain, 17 Texas, 80; Lott v. Ballard, 21 Texas, 167; Becton v. Alexander, 27 Texas, 659.

*Winchester Kelso* and *Baker, Archer & Clark,* for appellee: That a receipt which is always open to explanation does not import the solemnity of a conveyance and acquittance, such as appellants executed, and that under the statute law of Texas a wife is *sui juris* for the purpose of conveying her property when joined by her husband, they cited Revised Statutes, article 559; Nimmo v. Davis, 7 Texas, 33; 2 Perry on Trusts, sections 669, 849; Story on Agency, section 6; 2 Story's Equity Jurisprudence, section 1391; Bigelow on Estoppel, 245.

That the executrix, Josefa Stone, is not a "trustee to sell," and therefore not within the rule contended for by appellant, "that a trustee can not purchase or deal with the" trust estate, and if this estate is within the spirit of article 2083, Revised Statutes, the remedy is therein given, they cited Revised Statutes, article 1934; 3 Wait's Actions, 468; Nimmo v. Davis, 7 Texas, 32; 1 Perry on Trusts, section 195; Erskine v. De la Baum,

3 Texas, 406; Schouler's Executors and Administrators, section 358, and cases cited, section 363; Connolly v. Hammond, 51 Texas, 635.

That the petition of appellant shows on its face, taken in connection with its exhibits, that appellant has no cause of action, for the reasons that if appellee's first and second counter propositions are correct, the allegation of fraud and undue influence set up in the petition is detroyed by the admissions of appellants to the contrary made in a more solemn manner than the answer of appellee denying the same could be, and serves all the purposes of a denial in the answer of appellee, which, under the demurrer, we can not refer to, they cited Revised Statutes, article 1935; Parker v. Campbell, 21 Texas, 763; Nimmo v. Davis, 7 Texas, 32; Gregory v. Van Vleck, 21 Texas, 42; 3 Wait's Actions, 468.

That the county court, in matters of estates of decedents, is a court of general original jurisdiction, while the district court has only appellate jurisdiction, and as the administration of the estate of Stone is still pending and unclosed in the county court of Maverick county, the cancelation of the deed and a full accounting by the executrix can be enforced in the probate court under the Constitution and the laws regulating the jurisdiction and mode of procedure of said court, thus making the jurisdiction of the probate court exclusive. The affirmative grant of jurisdiction to the district court in probate matters, being appellate and exceptional, negatives its exercise of any jurisdiction in that behalf not included in the grant, and the Legislature has failed by law to provide for original jurisdiction and control of executors, administrators, guardians and minors under article 5, section 8 of the Constitution, citing Constitution, article 5, section 8; Porter v. Sweeney, 61 Texas, 215; Revised Statutes, secs. 290, 298, 2200, 2208, 1789, 2189; Rogers v. Kennard, 54 Texas, 41; Heath v. Layne, 62 Texas, 691; State v. Daugherty, 5 Texas, 1; Franks v. Chapman, 60 Texas, 48.

MALTBIE, JUDGE. The will of William Stone, as deemed material to this appeal is in substance as follows:

1. It appoints Josefa Stone executrix; and expressly declares that she shall give no bond during widowhood.

2. Directs that neither real estate nor sheep shall be sold until the youngest child becomes of age, unless impracticable to keep

all the sheep and then the proceeds of sale to be reinvested and kept for benefit of estate.

3. Until oldest child becomes of age, executrix was to keep net income and manage and control it for benefit of estate.

4. As each child becomes of age he or she was to receive one-sixth of the net income of the estate, and continue to receive his portion each year thereafter.

5. After the youngest child becomes of age the estate might be partitioned.

6. In case of the death of the widow, it is provided that the oldest son, if competent, and if not the next oldest, if competent, and if he should not be the next, or if none should be found competent, then a stranger was to be selected to take charge of the estate and keep it together and manage and control it under the provisions of the will until the youngest child attained his majority.

To the petition defendants answered by demurrers as follows:

1. It appears that administration of William Stone's estate is pending in the county court of Maverick county and that plaintiffs are seeking to compel the executrix to render an account and make settlement of said estate.

2. That said petition is insufficient in law.

3. That plaintiffs are estopped on account of the recitals in their deed to Josefa Stone.

Said exceptions were sustained and the cause dismissed.

Let us first consider whether there was a good cause of action stated in plaintiffs' petition, without reference to the question of jurisdiction:

If the executrix could purchase the interest of Lucretia Hickman, in Stone's estate, and acquire a valid title, it must have been on a full, fair and adequate consideration, and there must have been no concealment or withholding of information, or any false or fraudulent representation in reference to the value of the property. If there was, all of the authorities are agreed that the sale would be voidable, if not void.

Erskine v. De la Baum, 3 Texas, 406; Connolly v. Hammond, 51 Texas, 635.

It is said in Story's Equity Jurisprudence, vol. 1, middle page 314: "To use the expressive language of an eminent judge, a trustee may purchase of his *cestui que trust*, provided there is a distinct and clear contract, ascertained to be such after a zealous and scrupulous examination of all the circumstances; and it

is clear that the *cestui que trust* intended the trustee should buy; and there is no fraud, no concealment and no advantage taken by the trustee of information acquired by him as trustee. But it is difficult to make out such a case, when the exception is taken, especially when there is any inadequacy of price or in-equality in the bargain." We conclude that under the allega-tions of the petition there were facts stated, which if proven true, would have authorized the cancelation of the deed execu-ted by the plaintiffs to Mrs. Stone, and as a consequence the general demurrer to the petition should have been overruled.

Did the county court have jurisdiction of the subject matter? The amount in controversy was alleged to be not less than twenty-five thousand dollars. It was the object of the suit to avoid a conveyance of real and personal property alleged to have been obtained by fraud. The conveyance was to Josefa Stone, individually, though it was charged that it was bought with funds belonging to Stone's estate. The will under which Mrs. Stone was acting, in express terms declares that she shall not during her widowhood be required to give bond; it is difficult to perceive how the county court could exercise probate jurisdic-tion over said estate while she was executrix, but be that as it may, clearly the probate court had no power to set aside said conveyance. The plaintiff's claim was his title to the claim of Mrs. Stone, and also to that of the estate, and the probate court can not under any circumstances determine the rights of strangers to property though such property may be in course of administration in such court, even though it had the power to set aside a conveyance obtained by fraud. (Bradley v. Love, 60 Texas, 476; Becton v. Alexander, 27 Texas, 659; Newsom v. Chris-man, 9 Texas, 113.)

It is conceded by appellees that if the district court had juris-diction to set aside the conveyance, that it had jurisdiction of the case for all purposes, and we know of no reason to doubt the correctness of the proposition; and even if it had not, for any purpose except the cancelation of the deed, the demurrer to the jurisdiction of the court should have been overruled. (Banton v. Wilson, 4 Texas, 404.)

Was Mrs. Hickman estopped by her recitals in the deed to Josefa Stone? If there was no fraud or concealment, and if the property was not acquired for an inadequate price, by means of the trust and confidence existing, the deed being in due form and properly acknowledged, the title passed by the deed; and

there is no need to invoke the law of estoppel. But if the deed was procured by fraud, as alleged in plaintiff's petition, the fact that the conveyance recites that Mrs. Hickman was fully informed of the value of the property—that there was no concealment, and that she had employed able counsel, etc., would not estop her. The recitals, in the nature of things, could not have influenced the action of Mrs. Stone. And the fact of such unusual recitals being in the deed was calculated to excite suspicion, that some one, whether able counsel or other person, was in doubt as to the propriety or validity of the transaction. A married woman can not be estopped by such recitals in her deed in a suit by her vendee. (Herman's Law of Estoppel, 251.)

It is apparent from the stipulations of the will that it was the intention of William Stone that the corpus of the property should remain together until the youngest child should become of age; that each child upon becoming of age should receive a share of the net income of the property, and should so continue to receive a share each year until the youngest child should attain his majority. Josefa Stone had assumed the obligations of the will, but instead of carrying its provisions into effect she is alleged to have diverted from said estate a portion of the net accumulations and to have purchased the interest of the oldest child while she was yet a minor. Whatever her motives may have been in making the purchases the will should have been the law to her. The offer in this case is substantially to pay back to the estate whatever amount Mrs. Hickman has received, with interest, less whatever may be found to be coming to her, if anything, out of the net income of the estate. To deny this would be to allow the executrix, of her own volition, without the sanction of any court, to set aside the plain provisions of the will which she had been selected to carry into effect.

In view of all the foregoing we conclude that this case ought to be reversed and remanded.

*Reversed and remanded.*

Opinion delivered November 4, 1887.