Billings, District Judge.
This case is before this court upon a writ of error to the circuit court of the United States for the northern district of Texas. The suit was an action of trespass to try title, brought by the plaintiff in error against the defendants in error, to recover an undivided interest in a block of ground situate in the city of Dallas. There was a trial by jury, and there is a bill of exceptions as to the admission of a deed offered in evidence by the plaintiff below. The bill of exceptions presents several grounds of exceptions to the admission of the deed. But one ground was insisted on in the argument, and that presents the question: “In the year 1847, had the probate courts of the state of Texas the power to authorize an administrator to make a deed in satisfaction or payment of a claim for land due by his estate, where the administrator accepted the claim, and the court, upon evidence taken, approved it?” The record shows.that the facts in the case bearing upon this question were as follows:
John Grigsby died in March, 1841. In February, 1847, the administrator of his estate, the administration of which was pending in the *571 probate court of Houston county, upon a petition which represented that Crawford Grisby had in the lifetime of the decedent a contract with him, whereby he was entitled to a conveyance of 1,000 acres out of a tract in said petition described; that said Crawford Grigsby was also deceased, and his estate was represented by an executor, who represented the heirs,—after a hearing, and upon proof having been offered, obtained the following order: “That he be, and is hereby, authorized and required to make a deed to the heirs of Crawford Grigsby, deceased, for one thousand acres of land, agreeable to the contract as proven.” In pursuance of this order the deed was made.
The question is, had the probate court the authority to make the order? The statute of 1844, .entitled “An act to define and fix the practice of probate courts in certain cases,” in section 2, (1 Sayles’ Early Laws of Texas, art. 1841,) provided as follows:
“Sec. 2. That whenever there may be outstanding bonds, obligations, or contracts in writing for the conveyance of land or tenements against the estate of any deceased person, which it may be to the interest of said estate shall be lifted or complied with, it shall be the duty of the probate court, where the succession was opened, or where'the same was or may be administered, upon an application by petition of the executor or executrix, administrator or administratrix, or guardian, where all the heirs are minors, and have such guardian, after full proof of the existence of such bond, obligation, or contract, in writing, and upon satisfactory evidence that a compliance with the requirements of said bond, obligation, or contract would be beneficial to the interest of said estate, to decree that the person thus applying shall fully comply with the same, and any deed, or tender of deed, made under such decree, shall be as valid and binding as if it had been made or tendered by the testator or intestate himself. ”
No question is made but that this section of the statute, above quoted, gave the probate courts the power to authorize the deed in question. The matters to be considered are: First, had this section been repealed? and, second, what other statute, if any, was there in force which authorized it?
1. As to the repeal. After the admission of Texas into the Union as a state, a constitution (in 1845) was adopted, which distributed the probate jurisdiction between the district courts and the inferior or probate courts. The sections which bear upon this matter are Const. 1845, art. 4, §§ 1, 15, (Charters and Constitutions, pt,. 2, Tex. pp. 1772, 1773:)
“Section 1. The judicial power of this state shall be vested in one supreme court, in district courts, and in such inferior courts as the legislature may from time to time ordain and establish; and such jurisdiction may be vested in corporation courts as may be deemed necessary and be directed by law.”
“Sec. 15. Inferior tribunals shall be established in each county for appointing guardians, granting letters testamentary and of administration, for settling the accounts of executors, administrators, and guardians, and for the transaction of business appertaining to estates; and the district courts shall have original and appellate jurisdiction and general control over the said inferior tribunals, and original jurisdiction and control over executors, administrators, guardians, and minors, under such regulations as may be prescribed by law.”
*572 In article 13, § 3, it was provided as follows, (Charters and Constitutions, pt. 2, p. 1781:)
“Sec. 3. All laws or parts of 'laws now in force in the republic of Texas, which are not repugnant to the constitution of the United States, the joint resolutions for annexing Texas to the United States, or to the provisions of this constitution, shall continue and remain in force as the laws of this state until they expire by their own limitation, or shall be altered or repealed by the legislature thereof. ”
It is thus evident that by force of section 3, art. 13, all the probate laws were continued in force until they should be repealed by the legislature.
The plaintiff in error contends that section 2 of the act of 1844 was repealed by the act of May 11, 1846. This last act is entitled “An act to organize probate courts.” 2 Sayles’ Early Laws Tex. art. 1739. The repealing clause is found in the last section of the act, (section 27,) and is as follows:
“Sec. 27. That all laws and parts of laws heretofore in force relative to the duties of probate courts and the settlement of succession be, and the same are hereby, repealed, and the unfinished business of all estates, now pending, shall be conducted from this date in accordance with the provisions of this act.
In the written opinion of the trial judge he reaches the conclusion that the act of 1844 was unrepealed by that of 1846, upon the ground that the decisions of the supreme court of Texas give countenance to the doctrine that this repealing clause was intended by the legislature to include only general laws upon the subject of the settlement of successions, and not to include those provisions of statutes which, though they affected the settlement of successions, nevertheless, from their evident object, would more properly be designated and classed as statutes under some other head. He refers to Booth v. Todd, 8 Tex. 137, and to Duncan v. Veal, 49 Tex. 613, and to Cattle Co. v. Boon, 73 Tex. 548, 11 S. W. Rep. 544.
Two things, we think, should be suggested, in this connection, as also tending to establish the conclusion reached by the court below upon the question of legislative intent upon the matter of repeal: First, the question presented to the court in this case is one as to power or authority which had been conferred by a previous statute, and strictly not as to duties of the probate courts; and, secondly, the inquiry whether courts ought not, rather than to infer that the legislature intended to sweep away all laws on this subject of the settlement of estates, leaving as the statute law on that difficult and important subject only that brief statute, containing the language of repeal, consisting of only 27 sections, to infer that the legislature intended to repeal only the act of February 5, 1840, which had for its title the very words used in the repealing clause, being entitled “An act to regulate the duties of probate courts and the settlement of successions,” (1 Sayles’ Early Laws Tex. art. 736,) and being an act largely relating to forms of procedure in the probate courts, especially since the question presented to us is with refer *573 ence to the action of a probate court which has been acquiesced in for upwards of 40 years.
If the conclusion reached by the trial judge is correct, that, as matter of legislative intent, it ought to be held that there was no repeal of the act of 1844, then it follows that the court had full power to make the questioned order, and the deed executed in accordance with it was properly admitted in evidence, and the record discloses no error. But in a matter so intricate, and at the same time so grave and important, as the effect of this repealing statute, and in the absence of any direct decision by the supreme court of Texas upon the question as presented here, we have thought it our duty to consider also the question of power or authority in the probate court to make the order in dispute even under the statute of 1846 alone, and we are of opinion that this statute, in itself, gives adequate power. Sections 13-16, 2 Sayles’ Early Laws Tex. art. 1739, are as follows:
“See. 13. That every claim for money, or personal property, or for land, before it can be acknowledged, must be verified by the affidavit of the owner before the judge of probate or a notary public, stating what part is due and unpaid and not satisfied; and, when thus verified and presented, the executor or administrator shall indorse thereon his acceptance or rejection, with the date of presentation. Sec. 14. That all claims accepted by executors or administrators shall be presented to the judge, who shall indorse on the same his approval or nonapproval. Sec. 15. That no action shall lie on a claim before its presentation for acknowledgment, but if a claim be rejected by the executor or administrator, or if accepted by him and disapproved by the judge, the owner of such claim may, for the establishment thereof, institute suit against such executor or administrator, before a justice of the peace or the district court of the county where the succession is opened; but no judgment thereon shall give such claim priority, but it shall be paid currently with other claims of the same degree. Sec. 16. That any party interested in his own right, or as representative in right of another, may, by giving security for the costs and damages, appeal to the district court from any judgment, decree, or order of the probate court, rendered in term time, within twenty days from the date of said judgment, decree, or order. Executors, administrators, and guardians, and the attorney for the state, may appeal without security.”
Section 2 of this act, in the compendium of powers which the probate court shall have either in term time or vacation, recognizes the power “ to approve or disapprove of claims acknowledged by an executor, administrator, or guardian.” The substance of sections from 13 to 16, inclusive, is to provide the manner in which a claim for land, etc., shall be verified before presentation. If rejected by the administrator, or if accepted by him and disapproved by the judge, the owner may institute suit according to jurisdiction in another court. If, on the other hand, a claim for land, etc., shall be both accepted by the administrator and approved by the judge, any party in interest i. e., creditor or heir or legatee, may appeal to the district court.
It is an elemental rule of construction that effect is to be given, if possible, to the whole instrument or statute, and to every section and clause. Cooley says, (Const. Lim. p. 58:)
*574 “If different portions seem to conflict, the courts must harmonize them, if practicable, and lean in favor of a construction which will render every word operative rather than one which may make some idle and nugatory. ”.
Unless the construction we have given to the act of 1846 is correct, section 18, so far as claims for lands are concerned, would be idle and nugatory.
In the light of the history of Texas and Texas lands, of which we must take judicial notice, it seems clear that if the legislature intended to and did repeal the act of 1844 in regard to power of the probate court to set off undisputed-claims for land, it must have been intended to give the necessary power to the probate court constituted under the act of 1846, as otherwise confusion, litigation, and delay would result in the settlement of successions. Considering the act of 1846 with reference to the other powers and jurisdiction conferred upon the probate court, and giving effect, if possible, to the whole law, and to every section and clause, the construction we have given the act of 1846 seems necessary. Section 2 of said act fully authorizes and empowers the probate court “to direct the partition of the property of estates.” This power could not be exercised with much effect or practical good unless the same court had the power to set off to others than heirs undisputed claims for land. In this case the forms pursued by the administrator and the heirs of Crawford Grigsby were the forms of the act of 1844; that is, the petition was filed by the administrator, and was verified by proof of witnesses taken before the court, But the substance of the procedure was precisely that authorized by the statute of 1846. It comprised the presentation of a claim for land not only verified, but established by testimony, both as to the contract and its having not been performed by the obligor, accepted by the administrator, and approved by the judge; and it ended in a decree from which any party having an interest might have appealed to the district court. There may have been irregularity as to the witness who made the proof, and in the order of the steps taken, but all the safeguards of the statute of 1846 were observed. There was, though in a different order from that pointed out by that statute, everything which.that statute required, viz., the verification, the acceptance, and the approval, and the thing done—the approval of the claim—was made by a judge in open court, who had full authority to make it. We are of opinion that whether we adopt the conclusion of the trial judge upon the grounds upon which he places it, or consider it, as we do, in connection with the power given to the probate court by the act of 1846 itself, there' was no error in the ruling in the court below that the deed was legally authorized and properly admitted in evidence.
There was another point presented by the counsel for the plaintiff in error as to the authority of the probate court to go further than to recognize an undivided or an equitable interest. But we are of opinion that since the probate court had jurisdiction and authority to approve the claim, it had all the power to authorize a deed which, in case of rejection or disapproval, the district court would have had, after a decree *575 had been obtained; that the order or decree of the probate court was a “ direction for the partition of an estate,” through a suit brought there; and that the decree should have been attacked by appeal, or in some direct action, and cannot be assailed collaterally. We find no error in the record of the circuit court, and the judgment must be affirmed, at the cost of the plaintiff in error.