J. J. ATTRIDGE v. JOHN L. MAXEY ET AL.

Delivered December 23, 1896.

**Jurisdiction of Probate Court—Creditor's Lien Against Interest of Heir.**

A creditor of M. brought suit in the County Probate Court, seeking to subject to the satisfaction of his debt and judgment lien the interest of M., as heir, in lands of an estate then being administered in that court, and which interest M. had conveyed to his daughters. Held, that the Probate Court had no jurisdiction of such controversy and the District Court acquired none by appeal.

APPEAL from Johnson. Tried below before Hon. J. M. HALL.

*Henry, Brown & Goldsmith, O. T. Plummer* and *Richard Christian,* for appellant.

*W. F. Ramsey* and *H. P. Brown,* for appellees.

LIGHTFOOT, CHIEF JUSTICE.—This suit was commenced by appellant in the County Court of Johnson County on the probate side of the docket in the estate of G. H. Maxey, deceased. The ground of appellant's claim is that the estate of decedent is ready for partition, and that John L. Maxey is one of the heirs and entitled to an interest in said estate; that he is indebted to appellant, who has obtained judgment against him in the Justice Court, and caused it to be properly abstracted in Johnson County so as to fix a valid judgment lien upon all the interest of said John L. Maxey in said estate, which consisted principally of lands. That the latter had conveyed all of his interest in such lands to his daughters, Mrs. Lucy Hill and Mrs. E. B. Winthers, who are made parties to the proceeding, and who claim the interest of John L. Maxey. That the lands had since been sold by the administrator for partition, and that John L. Maxey, or his vendee, is entitled to about $500 of the proceeds, which appellant seeks to subject to his debt.

The cause was tried in the Probate Court, and judgment given for appellant. Upon appeal to the District Court, judgment was rendered for appellees, upon two grounds; (1) that there was no valid judgment lien, and (2) that there was no jurisdiction. From the last named judgment this appeal has been taken.

The first question to be considered is, whether the County Court, sitting in matters of probate, has jurisdiction to hear and determine contests of this character, which really involve issues between the different claimants, and in which the estate should not be involved. We feel constrained to hold that the Probate Court has no such jurisdiction.

Upon one side, the ownership of the interest of John L. Maxey in the estate is claimed by his two daughters. On the other side, a judgment lien is claimed against that interest, which is said to be superior to their claim. The administrator has no interest in this contest, nor have the creditors of the estate. The litigants must seek the proper

tribunal having jurisdiction of their controversy. White v. White, 32 S. W. Rep., 48; Timmons v. Bonner, 58 Texas, 531; Booth v. Todd, 8 Texas, 137; Edwards v. Mounts, 61 Texas, 398; Groesbeck v. Groesbeck, 78 Texas, 668, 669; Cox v. Cox, 77 Texas, 587.

In the last named case there was a contest in the Probate Court by the widow, for the homestead. Her attorneys intervened, claiming a part of the land. The court said: "The plea of intervention was, in effect, a suit against the estate to recover an interest in both land and personal property. That the Probate Court has no jurisdiction of such a suit, is too plain for argument."

The court below undertook to pass upon the validity of appellant's judgment lien, which it had no power to do, as the conclusion that the court a quo had no jurisdiction, put an end to the suit as brought, and it should have been simply dismissed without prejudice to the rights of appellant to institute proper proceedings in the appropriate tribunal to determine his right to a sufficient part of the fund realized from a sale of the land to satisfy his debt. Edwards v. Mounts, 61 Texas, 398.

The judgment of the court below is accordingly reformed, dismissing cause without prejudice, and affirmed at appellant's cost.

*Reformed and affirmed.*