STATE NAT. BANK et al. v. TREVINO et al. (No. 6254.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 22, 1919. Rehearing Denied Nov. 19, 1919.)

1. WILLS ⟲⟳872 — CREDITORS OF LEGATEE; RIGHT TO ALLEGE ERROR IN DECREE OF PRO- BATE COURT.

The judgment in probate proceedings having required the payment in Texas of the share of a legatee, his creditors claiming to have an in- terest in his share are not in a position to complain of the judgment in so far as it pro- vides for a transfer to Mexico of the administra- tion in other respects.

2. EXECUTORS AND ADMINISTRATORS ⟲⟳314(2) —DETERMINING VALIDITY OF ASSIGNMENT BY LEGATEE.

The probate court has no power to pass on the issue of ownership of a legatee's share, raised by claim of assignment contested by the legatee.

Error from District Court, Bexar County; J. T. Sluder, Judge.

In proceedings to administer the Texas es- tate of Gen. Geronimo Trevino, deceased. The State National Bank and Miers & Rose intervened as assignees of Jose Trevino, lega- tee. Interveners were dismissed in the pro- bate court and on appeal to the district court, and they bring error. Affirmed.

Lewright & Douglas and Browne Bros., all of San Antonio, for plaintiffs in error.

William Aubrey, C. A. Goeth, and Cham- bers, Watson & Wilson, all of San Antonio, for defendants in error.

MOURSUND, J. Gen. Geronimo Trevino died, testate, at Laredo, Tex., November 13, 1914, leaving a large estate in Mexico and considerable property in Texas. His will was probated in Monterey, Mexico, October 4, 1915, and on July 10, 1916, such will was ad- mitted to probate by the probate court of Bexar county. His widow, Mrs. Guadalupe Zambrano de Trevino, was appointed execu- trix to administer the Texas estate under said will. She gave bond and took the oath of office. The will, after providing for certain specific bequests and devises, left the residue of the estate, one-fifth to the widow, one- fifth to each of his three children, and one-

fifth jointly to two grandchildren. On August 8, 1917, said executrix filed an application in the probate court of Bexar county, request- ing the court to direct the payment of the only claim against the estate; to fix the costs of administration, including the fees of execu- trix and her attorneys, and order same paid; and to order the transfer of the remainder of the estate to the administration upon said estate in the republic of Mexico. It was made to appear in said application that the execu- trix had on hand in the Texas administration $112,046.35 in United States money and $54,- 083.37 in Mexican money, besides certain per- sonal property, and that all Texas claims against the estate had been paid.

Miers & Rose, residents of Texas, filed an instrument wherein they opposed said appli- cation, alleging that Jose G. Trevino, one of the children of Gen. Trevino, was indebted to them in a sum exceeding $10,000, and that he had assigned to them, acting by his duly au- thorized agents and attorneys in fact, as par- tial security for said indebtedness, an inter- est of $10,000 out of the share or interest of said Jose G. Trevino in the estate of Gen. Trevino. The State National Bank of San Antonio also opposed the application, alleging that it was a creditor of Jose Trevino in a sum more than $15,000, and that he had as- signed to it an interest in his father's estate. as security for its debt. It adopted the plead- ings of Miers & Rose.

Jose Trevino filed a general, and two spe- cial, exceptions, urging that the court was without jurisdiction to entertain the said pe- titions of Miers & Rose and State National Bank. The probate court sustained said ex- ceptions, and dismissed the said Miers & Rose and State National Bank from the pro- ceedings without prejudice, to which ruling they excepted and gave notice of appeal. In the same decree the application of the execu- trix for removal of the administration was refused. She excepted, and perfected an ap- peal.

In the district court Jose Trevino filed a motion to dismiss the appeals of Miers & Rose and State National Bank, which was overruled.

On June 6, 1918, Jose Trevino again urg- ed his special exceptions to the instruments (designated oppositions) filed by Miers & Rose and the State National Bank, and said excep- tions were sustained by the district court, and the interveners dismissed, without preju- dice, to which ruling they excepted and gave notice of appeal. An order dismissing them was entered. On the same day the court en- tered a decree as follows:

"(a) That the three-fifths interest of Mrs. Guadalupe Z. de Trevino, Geronimo Trevino, n. c. m., Olga Burchard, and Elena Burchard be transferred to the administration pending in Mexico.

---

⟲⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(b) That the one-fifth interest of Maria Trevino de Reese, after making certain deductions for advancements, be paid to Winchester Kelso, Esq.

"(c) That the one-fifth interest of Jose Geronimo Trevino, after making certain deductions for advancements, be paid to Messrs. Chambers & Watson.

"(d) That certain horses and mules in Texas be delivered to Mrs. G. Z. Trevino as Mexico administratrix.

"(e) After paying court costs the administration in Texas shall thereupon be closed.

"(f) All of said dispositions were made with the express reservation to Mrs. Trevino of the privilege of asserting her community rights in said estate as the surviving wife of Gen. Trevino, deceased.

"(g) Compensation of executrix and her attorneys was fixed and ordered paid."

This decree also provided for the dismissal of Miers & Rose and State National Bank. By bill of exceptions it is made to appear that such decree was entered upon agreement by certain legatees and devisees without the hearing of any testimony.

Miers & Rose and State National Bank have brought the case to this court upon writ of error.

[1, 2] As the court required the payment in Texas of the share bequeathed to Jose Trevino, it appears to us that his creditors who claim to have an interest in his share are not in any position to complain of the judgment in so far as it provides for a transfer of the administration, and that the only questions to be considered are whether the court had jurisdiction to pass on the issue, whether such creditors by assignment became the owners of interests in the share of said estate bequeathed to Jose Trevino, and, if so, whether the court erred in adjudging that the executrix pay the entire share bequeathed to said Jose Trevino to his attorneys of record, Messrs. Chambers & Watson.

The "opposition" filed by Miers & Rose discloses that the purposes sought to be accomplished were: First, to procure the distribution in Texas of the estate of General Trevino; and, second, that said Miers & Rose be recognized by the court as assignees of Jose Trevino to the extent of a $10,000 interest in his share of the estate.

Plaintiffs in error contend in effect that as they alleged they were assignees of an interest in the share of Jose Trevino in his father's estate, the court should have permitted them to produce proof in support of such averments, and, if they showed an assignment sufficient upon its face to convey such interest, they should have been accorded the same rights with respect to the contesting of the application of the executrix as might have been exercised by a devisee or legatee. In support of this theory they cite certain decisions holding that an assignee is a person interested in the estate within the contempla-

tion of our statutes, and cite articles 3236, 3571, 3575, 3578, 3583, and 3584, R. S. 1911. The first cited article provides that—

"Any person interested in the estate may, at any time before any application, petition, exhibit, account, claim or other proceeding is decided upon by the court, file opposition thereto in writing, and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition as in other suits."

Article 3531, which authorizes an application for partition and distribution only mentions heirs, devisees, and legatees as having the right to make such application, but in the chapter relating to final settlement, it is provided in article 3571 that—

"Upon a settlement of an estate, if there is any of the estate remaining in the hands of the executor and administrator, and the heirs, devisees or legatees of the estate, or their assignees, or either of them, are present or represented in court, it shall be the duty of the county judge to order a partition and distribution of the estate to be made among them, upon satisfactory proof being made that they are entitled to receive it."

The other articles cited by plaintiffs in error appear in the chapter relating to payment of estates into the treasury. In the case of Branch v. Hanrick, 70 Tex. 731, 8 S. W. 539, it was held that the purchaser of the interests of heirs had the same remedies as his grantors had previous to the conveyance, and therefore could make application to compel the administrator to file an exhibit preparatory to a partition of the estate. The opinion has also been expressed in the cases of Pena y Vidaurri's Estate v. Bruni, 156 S. W. 315, and Rowe v. Dyess (Com. App.) 213 S. W. 234, that the expression, "any person interested in an estate," used in our statutes, includes assignees of heirs, devisees, and legatees. There can be no doubt, we think, that our statutes contemplate that nearly all rights accorded the heirs, devisees, or legatees may be exercised by their assignees, and that in this case, had there been no contest of the claims of plaintiffs in error to own an interest in the estate, they should have been permitted to proceed with their opposition to the application. As Jose Trevino contested their right to appear as his assignees, the question arises whether the court was correct in declining to go further than to ascertain that there was a contest, or whether it should have heard proof and passed upon the issue whether plaintiffs in error owned the interest claimed by them. There can be no question, under our decisions, that the probate court has no jurisdiction to set aside an assignment upon equitable grounds, and we conclude that it also was without jurisdiction to pass upon the issue whether the power of attorney and assignment made thereunder were sufficient upon the face of the instruments to convey

an interest in Jose Trevino's share in the estate. The jurisdiction conferred by the Constitution upon the probate court does not extend to the decision of controversies with respect to the ownership of the shares of heirs, devisees, or legatees in an estate.

Mr. Woerner's statement in section 151 of his American Law of Administration (2d Ed.) is peculiarly applicable, as follows:

"The right or title of the decedent to property claimed by the executor or administrator against third persons, or by third persons against him, as well as claims of third persons against creditors, heirs, legatees, devisees, or distributees, must, if an adjudication become necessary, be tried in courts of general jurisdiction, unless such jurisdiction be expressly conferred on probate courts. It follows from this principle that probate courts have no power to investigate the validity of an assignment of the interest of an heir or legatee; the decree of distribution or payment should be to the legal successor of the property, leaving questions of disputed rights between these and claimants against them to be adjudicated in the ordinary courts. And this is so of the assignments of creditors, of legatees, of distributees, of parties entitled to partition, of the assignment by a widow of her interest in the estate, and of a legacy charged upon another legacy. But it must not be inferred from this that the probate court has no authority to decree payment to an assignee whose right is not disputed, or where the distributee is estopped by a release; for the decree in favor of an assignee, assented to by the assignor, is of the same effect as a decree in favor of the assignor."

The question has not been directly passed upon by our courts, but the following authorities tend strongly, we believe, to sustain our conclusion: Branch v. Hanrick, supra; Cox v. Cox, 77 Tex. 597, 14 S. W. 201; Attridge v. Maxey, 15 Tex. Civ. App. 134, 39 S. W. 322; Hickman v. Stewart, 69 Tex. 255, 5 S. W. 833; Veal v. Fortson, 57 Tex. 482; Young v. Gray, 60 Tex. 541; In re Howe's Estate, 161 Cal. 152, 118 Pac. 515; Coram v. Davis, 209 Mass. 229, 95 N. E. 298; Martinovich v. Marsicano, 137 Cal. 354, 70 Pac. 459. The case last cited involved the same question decided in the case of Attridge v. Maxey, supra, and is of interest because the court recognizes no difference between the status of an assignee whose claim is contested and that of a judgment lienholder.

In this case the alleged assignor did not acquiesce in the claim of plaintiffs in error to the effect that they owned part of his interest in the estate, and the court correctly held that a controversy arose which it had no jurisdiction to determine.

All assignments and the cross-assignment are overruled.

Judgment affirmed.