## BENTON et al. v. MARTIN et al.
### No. 15305.

Court of Civil Appeals of Texas.
Fort Worth.
Dec. 21, 1951.

Paul B. Cox, of Jacksonville, for appellant.

Craven & Hand, of Weatherford, for appellee.

RENFRO, Justice.

On January 21, 1918, B. F. Martin died testate, leaving a farm consisting of 446.52 acres in Parker County, Texas. His will named John and Walter H. Martin independent executors, without bond. John Martin later died and Walter H. Martin continued to act as sole independent executor until his death in March, 1941. The will was duly probated in 1918.

The appellant Leenora Maye Groft Benton inherited a one-ninth interest in the B. F. Martin estate and the appellees, Cora M. Martin, R. V. Martin, G. V. Martin, R. E. Martin, and Lillie Freeman, inherited a one-ninth interest in said estate. The remaining seven-ninths are not involved

in this suit and the names and interest of the respective parties need not be set out.

The farm remained intact under the management of Walter H. Martin.

On September 15, 1938, Leenora Maye Groft (now Benton), hereinafter referred to as appellant, executed a warranty deed conveying her undivided interest in the B. F. Martin estate to Walter H. Martin. The instrument is absolute on its face, meeting all legal requirements.

On February 3, 1941, Walter H. Martin, by warranty deed, conveyed the Leenora Maye Groft one-ninth interest in the B. F. Martin estate to W. V. Martin and wife, Cora M. Martin.

In March, 1949, all the heirs conveyed the land included in the B. F. Martin estate, except certain mineral interests, to one Mitchell. Included in this deed was another tract not involved in the B. F. Martin estate but being a tract of land in which both appellant and appellees in this suit owned an interest. For this reason appellant was named as grantor in the deed to Mitchell and executed and acknowledged said deed.

At the time of the distribution of the purchase money derived from the sale to Mitchell, appellant Mrs. Benton made known, through her attorney, that she was claiming a one-ninth interest in the proceeds of the sale of the B. F. Martin land. At the time of the sale to Mitchell, W. H. Hutcheson, attorney for the vendee, and Jim L. McCall, attorney for the vendors, agreed to serve as trustees of the purchase money and make distribution to all the heirs. Upon being informed that appellant Mrs. Benton was claiming a one-ninth interest in the proceeds of the B. F. Martin land sale, they withheld from appellees $862.77, representing one-ninth of the sale price.

On April 1, 1950, appellees filed suit against McCall and Hutcheson, demanding delivery of the money to them. The defendants McCall and Hutcheson answered as stakeholders and impleaded appellant Leenora Maye Benton and husband, E. C. Benton, as defendants. In her second amended original answer, appellant plead that the deed from her to Walter H. Martin was in reality a mortgage and that appellees had notice of the nature of the transaction, and by cross action sought to establish title and possession to her proportionate interest in the minerals reserved to the vendors in the Mitchell deed. Appellees, by amended petition, set up their title to the Groft one-ninth interest as actual bona fide purchasers for value and as innocent purchasers of the land from Walter H. Martin and prayed that they have judgment for the amount of money in the hands of the stakeholders, and for judgment for the full legal and equitable title in and to the minerals in dispute.

The case was tried before the court without a jury. Judgment was rendered by the court finding appellees owned an undivided two-ninths interest in the B. F. Martin estate of 446.52 acres of land on May 1, 1949, and quieted title in appellees for the mineral interest represented by said two-ninths interest in the land involved.

At the request of appellant, findings of fact and conclusions of law were filed by the court.

By her first point of error, appellant alleges it was error for the court to overrule her exception to that portion of plaintiffs' pleading setting out the deed from Walter H. Martin to W. V. and Cora M. Martin, such exception being that the deed on its face does not allege any transfer of real estate. The second point alleges error of the court in admitting the deed in evidence.

We overrule points one and two. It is proper for the court before ruling on the point of admissibility of a deed, in cases where the deed does not wholly lack descriptive material, to allow the proponent of the deed to exhaust the evidence directed to connecting the deed with some particular land. It may be admitted tentatively and then excluded if extraneous evidence fails to connect it with some particular land. Mars v. Morris, 48 Tex.Civ. App. 216, 106 S.W. 430.

Point three contends the court erred in finding the deed from Walter H. Martin to W. V. and Cora M. Martin was in fact

a valid warranty deed conveying fee simple title to the Groft one-ninth interest in the B. F. Martin estate.

Complaint is made that the description is insufficient to identify the land conveyed. The description in said deed describes the "one-ninth interest in and to B. F. Martin estate located in Parker County, Texas, better known as the Mrs. Leenora Maye Groft (⅑) one-ninth interest in the B. F. Martin estate in Parker County, Texas."

A deed is not void for uncertainty unless on its face the description cannot by extrinsic evidence be made to apply to any definite land. The Supreme Court, in Hermann v. Likens, 90 Tex. 448, 39 S.W. 282, 284, held that "Without giving field notes or boundaries, or referring to other conveyances which contained such description, a tract of land may be so definitely pointed out that it may be unmistakably identified", and "Between the owner and his grantee, if from the facts given in the description in the deed the property intended to be conveyed can be identified with certainty, it is sufficient." If there is data in the deed from which the description may be made certain, it is sufficient. Porch v. Rooney, Tex.Civ.App., 275 S.W. 494, error refused. As stated in Caddell v. Lufkin Land & Lumber Co., Tex.Com.App., 255 S.W. 397, this is especially true where the party dealing with or interested in the land knew its location within the larger tract of which it is a part. When the land intended to be conveyed can be identified by the aid of extrinsic testimony, the deed is not void, especially where the possession by the several parties of a definite tract is shown. Folmar v. Thomas, Tex.Civ.App., 196 S.W. 861. If the words used in the description in a deed are uncertain, resort may be had to the construction given them by the parties themselves, and where they have given same a practical construction and made them applicable to certain property, this will be a strong circumstance in ascertaining their intention. Miller v. Hodges, Tex. Com.App., 260 S.W. 168.

Appellant's one-ninth interest in the B. F. Martin farm became fixed and established when the B. F. Martin will was probated in 1918. She never claimed more or less than a one-ninth interest. The evidence is undisputed that the only land owned by B. F. Martin and passing to his estate was the 446.52 acres in question. It is undisputed that none of this acreage was sold and none was added thereto. It is undisputed that B. F. Martin and his estate had owned and been in possession of the farm for more than fifty years. It is undisputed that Walter H. Martin, vendor in said deed, actively managed the estate, first jointly and later as sole executor from 1918 until his death in March, 1941. Certainly Walter H. Martin, grantor in the deed to W. V. and Cora M. Martin, knew what land he was conveying and certainly the vendees, W. V. and Cora M. Martin, knew what land they were acquiring. If there appears enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty to the exclusion of others, it will be sufficient. Battle v. Wolfe, Tex.Civ.App., 283 S.W. 1073, error refused.

Appellees introduced in evidence the deed from appellant herself to Walter H. Martin, which appellant concedes contained an adequate description of the land therein conveyed. This deed was of record at the time of the execution of the deed from Walter H. Martin to W. V. and Cora M. Martin.

In view of the law as pronounced in the above cited cases, we hold that the deed was sufficient under the evidence to operate as a valid warranty deed from Walter H. Martin to W. V. and Cora M. Martin, and we therefore overrule appellant's point three.

Points four through eight claim error of the court in holding the appellees innocent and bona fide purchasers, for value, of the property in question.

Appellant introduced in evidence an "agreement" dated September 21, 1938, in which Walter H. Martin agreed to give Leenora Maye Groft the right to redeem the deed to her part of the B. F. Martin estate located in Parker County, Texas,

on or before September 15, 1940. The trial court found that the deed of September 15, 1938, from appellant to Walter H. Martin was intended as a mortgage but that neither W. V. Martin nor Cora M. Martin had any notice, either actual or constructive, of the nature of the transaction between appellant and Walter H. Martin as being other than an actual bona fide sale and conveyance, and further that appellant never attempted to exercise the rights given to her under the agreement of September 21, 1938.

The appellees introduced in evidence the deed from appellant to Walter H. Martin and introduced evidence that they knew nothing of the agreement between appellant and Walter H. Martin. Appellant claimed to have received from W. V. Martin, subsequent to his acquisition of the property, a letter referring to the loan. W. V. Martin died several years prior to the filing of the law suit.

We have examined the entire statement of facts and without burdening this opinion with all the evidence, we find there was sufficient evidence of probative force to uphold the trial court's finding that appellees were innocent and bona fide purchasers. The trial judge was the sole judge of the credibility of the witnesses and of the facts proved.

Appellant contends that Article 3579, R.C.S., prohibited Walter H. Martin from acquiring the interest of appellant while he was serving as executor, and as a matter of law appellees would not be innocent purchasers. We overrule this contention. An executor can, through a voluntary conveyance on the part of an heir, acquire full title when based on full, fair and adequate consideration and where the executor has not concealed or withheld information or made any false or fraudulent representations in reference to the value of the property. Hickman v. Stone, 69 Tex. 255, 5 S.W. 833; 42 Tex.Jur., p. 721, sec. 106.

The deed from appellant to Walter H. Martin was an absolute warranty deed on its face and was duly recorded in Parker County, Texas. There was nothing in the deed or of record to put appellees on notice of any claim or interest, if any, appellant may have retained in said property.

Since the trial court has found on sufficient evidence that appellees were innocent purchasers and bona fide purchasers for value, it is immaterial that the deed from appellant to Walter H. Martin was intended as a mortgage. Krause v. Young, Tex.Civ.App., 6 S.W.2d 800; Lynn v. Sims, Tex.Civ.App., 43 S.W. 554.

Appellant's points four through eight are overruled.

The judgment of the trial court is affirmed.