## DAVIS *vs.* GREELY *et al.*

Though interest is, as a general rule, not recoverable except by virtue of statutory regulations, a small rate may be allowed in some cases by way of damages. So *held*, where a referee, to whom a cause had been referred by consent of parties, had allowed the plaintiff interest at the rate of six per cent. per annum on the balance of an account found due to him.

*Query?* Was not that the rate of interest fixed by the decrees of the Mexican republic at the time of the occupation of California by the Americans.

APPEAL from the district court of the fourth judicial district. The whole case is stated in the opinion of the court.

*By the Court*, HASTINGS, Ch. J.   By consent of the parties, this case was referred to a referee.   The case required the investigation of accounts.   The referee reported upon the evidence, documentary and oral, and the only exception to his report which can be reviewed by this court, is the allowance of interest on the balance found for plaintiff of six per cent. per annum from the period specified in the report.   Interest is generally regulated by statute, but, in the absence of any statute, has been allowed by way of damages.   From this it is not to be inferred that an extraordinary rate of interest shall in any case be permitted, but that, in the absence of statutes, as a rule for equitably adjusting the amount of damages, the usual annual rate of interest may be adopted.   The amount of interest allowed by the referee is small, the rate being six per cent. per annum.   This, we believe to have been the legal rate of interest of the Mexican republic at the time of the organization of the state government.

The evidence is not set out in the report so as to make the error, if any, apparent.   We think, therefore, that the district court properly refused to set aside the report of the referee. The judgment is therefore affirmed.

Ordered accordingly.