## HIRAM CLOSE v. WILLIAM FIELDS.

13 623;
90 588

The possession by the acceptor, of a draft with a blank for the name of the payee, and without indorsement, is *prima facie* evidence that the draft has been in circulation and been taken up by the acceptor. If circumstances of suspicion be shown, however, the acceptor will be required to adduce other evidence of those facts.

Where one collects money for another and refuses to pay it over, the jury may allow damages for the detention, and the measure of damages in such cases is the lawful rate of interest.

Where the claim sued on was not in writing, and the Court instructed the jury that the plaintiff was entitled to damages by way of interest at the rate of eight per cent. per annum and the jury found interest accordingly, and on appeal it was decided that although the plaintiff was not entitled to damages as matter of law, yet that the jury in such a case might in their discretion allow damages, and at that rate, and on inspection of the statement of facts this Court was satisfied that the jury ought, if it had been left to their discretion, allowed the same damages, the judgment was affirmed.

Appeal from Galveston. For former reports of this case see 2 Tex. R. 232, and 9 Id. 422. On the last trial the defendant requested the Court to instruct the jury as follows :

1st. That the possession by the defendant of the draft of four hundred dollars given in evidence by him, is *prima facie* evidence of the payment of the same by him, and raises a presumption in his favor, of that fact, which if not rebutted, will be taken as true.

2nd. That the claim of the plaintiff as set forth in the pleadings is not such a claim as will bear interest under the laws of this State.

These instructions were " refused as asked by the defendant, and the Court charged the jury as follows :"

1st. The possession by the defendant, of the draft for four hundred dollars, given in as evidence in this case, is *prima facie* evidence that it was paid by him ; but if the jury believe from the evidence that suspicion was thrown upon such possession, and if they also believe that the defendant has failed to prove when and to whom he paid said draft, these circumstances may be taken into consideration by the jury to rebut such presumption of payment.

2nd. The plaintiff and defendant are respectively entitled to damages by way of interest on their claims at the rate of eight per cent. per annum.

The verdict of the jury was for a certain amount as principal, and "interest at eight per cent. per annum " thereon, amounting to, &c.


*Jones & Ballinger*, for appellant.

*Sherwood & Goddard*, for appellee.


LIPSCOMB, J. This is the third time this case has been brought before us by the appellant. In the two former cases the judgment was reversed and remanded, on the ground that the Judge had erred in charging the law to the jury.

In this case we have discovered no error on the part of the Court, in giving the law of the case in charge to the jury, except on the question of interest.

We believe that but two questions can be raised upon the record : Is the evidence sufficient to support the verdict ? and secondly, Was it competent for the jury to give interest, by any name, on the sum of the principal found to be due.

The difficulty, and the only one, the plaintiff had to encounter in making out his case, was to rebut the presumption raised by his draft, drawn on the appellant, and produced by him on the trial as evidence that it had been paid. The presumption of law under such circumstances is that the draft had been paid by the drawee. But this presumption may be rebutted. We believe that the evidence on the last trial was sufficient to rebut the presumption, and justify the jury in finding that it had not been paid, and that the drawer had never received anything from it. At any rate, there is not in this case such a finding without evidence, or against evidence, as to justify a reversal of the judgment.

The Court charged the jury that the plaintiff and the defendant are respectively entitled to damages by way of interest on their claims at the rate of eight per cent. per annum. This charge is clearly not sustainable, if it is to be based for its support on our statute to regulate interest. The second Section of that Act (Hart. Dig. Art. 1607,) provides "that "on all written contracts ascertaining the sum due, when no "specific premium of rate of interest is expressed, interest "shall be taken, recovered and allowed at the rate of eight "per centum per annum, from and after the said sum is due "and payable." This action is not founded on a written contract ascertaining the amount due, but it is to recover money collected by the defendant as the agent of the plaintiff, and for his use, and if interest can be recovered at all in such cases, it is not *eo nomine*, but as damages ; and in such cases, when damages should or might be allowed by the jury, the legal rate of interest is the safest criterion, or standard of damages. (See Anderson v. Duffield, 8 Tex. R. 237.)

The doctrine as to the allowance of damages by way of interest on the amount recovered, has never been well settled, on anything like principle, and hence the decisions present apparent inconsistencies and capriciousness. Senator Spencer, in his opinion in the case of the Rensselaer Glass Factory v. Reid, (4 Cow. R. 604,) commented on in the opinion of this

Court in the case of Adriance v. Brooks, has revised the English and American decisions upon the subject, and classified them on principle. After commenting on the different cases in which interest is allowed as an incident to the debt, he says, " But there is another class of cases in which interest " may be allowed by a jury, under the advice of the Court, in " their discretion, and which when fairly exercised, the Courts " will not disturb. This second class comprehends those " cases only where interest is not a necessary incident to the " debt, but may be allowed under circumstances, by way of " mulct, or punishment, for some fraud, delinquency or injus- " tice of the debtor, or for some injury done by him to the " creditor; and in such cases, the legal rate of interest is as- " sumed as the measure of damages. This is, done, first, in " actions of tort, technically so called, as in trover or trespass " for taking chattels. (8 Johns. R. 446 ; 14 Johns. R. 128, " 273, 385.) Second, in actions upon contracts, it was al- " lowed in a case where the party had expressly promised to " pay the money when received, and withheld it under frivol- " ous and unjust pretexts. (Lynch v. De Viar, 3 Johns. Ca. 6, " 310.) And this seems to have been uniformly sustained in " New York, Massachusetts and Pennsylvania. And interest " is allowed by the jury where there has been fraud, injustice " or delinquincy. And Lord Mansfield, in a case in 1 Doug- " lass, 375, says ' In cases of long delay, under vexatious and " oppressive circumstances, interest may be recovered, if a " jury in their discretion think fit to allow it.' " Mr. Spencer, in citing the above opinion of Lord Mansfield, says that it is the more valuable as showing the correctness of the distinction between the allowance of interest by the Court and by the jury. It will be recollected that the cases we have had reference to were cases where the interest was allowed by the jury as damages, and not where the interest was an incident to the debt, and made so either by the contract, or by express law. In the last, the question would not be one for the jury, but it would be for the Court as an incident to, and the law of the contract.

Will the facts disclosed in the record bring the case within the class illustrated by the authorities referred to, in which it is competent for a jury to allow interest by way of damages, or, in other words, under the name of damages. It appears from the record and from previous adjudications of this case, that the difficulty in the case arose from the fact that defendant offered in his defence, as evidence of payment, a draft drawn upon him by the plaintiff for four hundred dollars. Now the facts of the case show that the verdict of the jury in the case now for revision, is based upon the hypothesis that the draft so held by the defendant had never been paid by him, and consequently the defence was unjust and fraudulent; and the history of the case shows that it has been exceedingly vexatious, harrassing and oppressive to the plaintiff.

The charge of the Court is objectionable in this, that it did not leave the question of interest under the name of damage to the discretion of the jury, but treated it as one belonging to the Court. And for this error we would have been bound to reverse the judgment, if the statement of facts left it at all doubtful whether the verdict could, consistently with the facts, have been different, if the jury had been informed that it was a matter within their discretion to allow damages or not. We are, however, fully satisfied that the evidence would not have authorized a different conclusion. The fact of the jury, in the virdict, calling it interest, when it was damages, is no ground for reversal. (See Andrews v. Duffield, before cited.) The judgment is affirmed.

Judgment affirmed.