## No. 2361.

## HEIDENHEIMER & CO. v. L. A. & W. O. ELLIS.

1. PLEADING—STATED ACCOUNT.—When a petition alleges the sale and delivery of specific goods to defendant with the prices thereof on a bill of particulars annexed; that they were to be paid for by defendant on delivery; that the parties had an accounting, and accounted and agreed that a designated sum was due thereon; that the defendant wrote an acknowledgment on the paper containing the account that such designated sum was due the plaintiff, and delivered it to plaintiff, the averments show a stated account.

2. INTEREST.—Though interest *eo nomine* is a creation of statute law, yet in many instances it will be assessed as damages when necessary to indemnify a party for an injury though the statute be silent on the subject. In such cases it is not an incident to the debt, but is allowed by way of mulct or punishment, for some fraud, delinquency, or injustice of the debtor, or for some injury done by him to the creditor.

3. SAME.—Where interest as damages may be recovered, its recovery rests in the discretion of the jury under appropriate instructions from the judge. In such cases the fact that the verdict designates the amount which the jury find for the plaintiff in addition to the debt, as interest, instead of as damages will afford no ground for reversal.

4. VERDICT—STATEMENT OF FACTS.—It will be presumed that every fact necessary to sustain the verdict was established by evidence, in the absence of a statement of facts.

5. CASES FOLLOWED.—Houston & Texas Central Railway Company v. Jack-
son, 62 Texas, 209; Fowler v. Davenport, 21 Texas, 635, and Close v.
Fields, 13 Texas, 623, followed.

APPEAL from Galveston.   Tried below before the Hon. Wm.
H. Stewart.

*McLemore & Campbell*, for appellants, on their proposition
that a failure to pay the money on a cash transaction by verbal
sale does not entitle the seller to claim interest from the date of
the refusal to pay, cited Revised Statutes, Articles 2973–2976;
Cloud v. Smith, 1 Texas, 105.

*Burnett & Hanscom*, for appellee, cited Close v. Fields, 13
Texas, 623; Fowler v. Davenport, 21 Texas, 634; Blum v. Thomas,
60 Texas, 159; Railroad Company v. Jackson, 62 Texas, 209;
Railroad Company v. Tankersley, 63 Texas, 61, 62; 4 Wait's
Actions and Defenses, pages 129, 132.

GAINES, ASSOCIATE JUSTICE.   Appellees sued appellants in the
court below to recover of them a balance of purchase money
alleged to be due for a stock of goods sold and delivered by the
former to the latter on January 24, 1885.   Appellees averred that
the goods were to be paid for in cash upon delivery, and claimed
interest from the date of the transaction.

The court charged the jury in effect that if they believed that
defendants were indebted to plaintiffs on the stated account sued
on, to find a verdict for plaintiffs for the amount of the account,
and interest on the same at eight per cent per annum from the
date of acknowledgment and promise to pay the same.   This
charge is assigned as error, upon the alleged ground that there is
no stated account set up in the petition.

The assignment is not well taken.   The petition alleges the
sale and delivery of the goods by the plaintiffs to the defendants,
the price of the goods, and that they were to be paid for on
delivery.   A bill of particulars is also annexed, showing each
article and the price thereof.   It is also averred that the parties
had an accounting, and ascertained and agreed that the sum of
five thousand and eighty-four dollars was due upon the transac-
tion, and that thereupon one Sterne, a member of defendants'
firm, wrote an acknowledgment of the correctness of the amount
due upon the paper containing the statement of the account,
addressed to Isaac Heidenheimer, another member of the firm,

and delivered it to plaintiffs.    These averments clearly show a stated account, according to the strictest rule of decision upon that subject.    (Neyland v. Neyland, 19 Texas, 423.)    There is no statement of facts found in the record, and it must be presumed (there being the proper averments in the petition) that the evidence warranted the instruction.

It is contended also that the charge is erroneous in so far as it instructed the jury to allow interest from the time at which the payment was to have been made.    This is a question of more difficulty.    It is frequently said in the decisions of the courts that · interest is the creation of the statute.    In a certain sense this is true, but as applied to one class of cases the phrase is misleading. Interest can not be allowed *eo nomine* unless expressly provided for by statute, but in many instances it may be assessed as damages when necessary to indemnify a party for an injury inflicted by his adversary, though the statute be silent upon the subject.

In the case of the Houston and Texas·Central Railway Company v. Jackson, 62·Texas, 209, it is conceded that our statutes do not provide for interest upon the value of goods for which a carrier has given a bill of lading, and which he has failed to deliver, yet the court then· held that the measure of damages was the value of the goods at the place of delivery and interest thereon from the time at which they ought to have been delivered. The doctrine is fully sustained by the authorities cited in the opinion, and it is sufficient for us to refer to it.

The whole subject of interest is very ably discussed by Senator Spencer in the case of the Rensselaer Glass Factory v. Reid, 5 · Connecticut, 604; and the distinction between the cases in which interest is allowed *eo nomine* and those in which it is allowed only by way of indemnification, made very clear.    Referring to the latter, the opinion says: "In such cases it is not an incident to the debt, but may be allowed under circumstances by way of mulct or punishment for some fraud or delinquency or injustice of the debtor, or for some injury done by him to the creditor." This language has heretofore been thrice quoted by this court with approval.    (H. & T. C. R'y Co. v. Jackson, supra; Fowler v. Davenport, 21 Texas, 635; Close v. Fields, 13 Texas, 623.)

In the case last cited°the suit was for money collected by the defendant for the use and benefit of plaintiff, and wrongfully detained, and interest was allowed as a part of the damages.    So also in the case of the Commercial Bank v. Jones, 18 Texas, 811,

in which the bank converted the money of plaintiffs, deposited with it by their agent, to its own use.

Now let it be conceded that the claim sued upon in this case is not a "written contract ascertaining the sum payable," provided for in Article 2976 of the Revised Statutes, nor yet an open account, such as mentioned in Article 2977. It is a stated account to be paid in cash upon delivery of goods, the sale of which constituted its consideration, and which had been delivered, when the accounting was had. Here is a manifest delinquency on part of the debtors, working a gross injustice to the creditors, and resulting in a wrong which can not be compensated by any sum less than the principal and the interest on the debt from the time at which it ought to have been paid. (See Davis v. Greeley, 1 Cal., 422; Sellock v. French, 1 Conn., 32, same case 1 Am. Leading Cases, 610, with notes, 613; Crawford v. Willing, 4 Dall., 286; Adams v. The Bank, 36 N. Y., 255; Bate v. Burr, 4 Harrington (Del.) 131; Wood v. Robbins, 11 Mass., 504; Elliott v. Minot, 2 McCord, 126; The People v. Gasherie, 9 Johns, 71.)

It is sometimes said that when interest is allowable by way of damages, the allowance is in the discretion of the jury; and in the opinion from which we have quoted (Rensselaer Glass Factory v. Reid, supra), it is laid down broadly that in all these cases this discretion of the jury is absolute. Such, however, is not the rule as applicable to every case of this character. (H. & T. C. R'y Co. v. Jackson, supra.) But it is recognized by the court in Close v. Fields, supra, in which they say: "The charge is objectionable in this, that it did not leave the question of interest under the name of damages to the discretion of the jury, but treated it as one belonging to the court. And for this error we would have been bound to reverse the judgment, if the statement of facts had left it at all doubtful whether the verdict of the jury could consistently with the facts have been different, if the jury had been informed that it was a matter within their discretion to allow damages or not. We are, however, fully satisfied that the evidence would not have authorized a different conclusion. The fact of the jury, in the verdict, calling it interest when it was damages, is no ground for reversal." The same remarks are applicable to the case before us. It is true there is no statement of facts here, but for that reason we are to presume that everything necessary to sustain the verdict was proved on the trial which could have been proved under the pleadings.

The cause was submitted with a suggestion of delay. Though

upon an inspection of the whole record we find no error in the judgment, we can not say the appeal was manifestly for delay. The judgment will therefore be affirmed without the award of damages.

*Affirmed.*

Opinion delivered February 25, 1887.