## McNEILL et al. v. CASEY.

(Court of Civil Appeals of Texas. March 29, 1911.)

1. COURTS (§ 169*) — JURISDICTION — AMOUNT IN CONTROVERSY—DETERMINATION.

Rev. St. 1895, art. 3101, provides that on all written contracts ascertaining the sum payable, when no specified rate of interest is agreed on, it shall be allowed at 6 per cent. after the time when the same is due and payable. Const. art. 5, § 16, declares that county courts shall have concurrent jurisdiction with district courts when a matter in controversy does not exceed $1,000, exclusive of interest. A petition in an action in a county court alleged that plaintiff purchased land of defendant and paid $1,000 as earnest money, and that under the contract, if the trade fell through on account of defendants' default, such amount was to be refunded; that defendant had defaulted, but had refused to refund the sum in question, and recovery thereof was sought, with interest. Held, that the county court had no jurisdiction, as the amount payable was not ascertainable from the terms of the contract, and the interest sued for could be recovered only as damages.

[Ed. Note.—For other cases. see Courts, Cent. Dig. §§ 413–436; Dec. Dig. § 169.*]

2. APPEAL AND ERROR (§ 20*)—JURISDICTION.

If an inferior court has no jurisdiction of a case, an appeal from the judgment confers no jurisdiction on the appellate court. but the latter court may entertain the appeal for the purpose of dismissing it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 81–87; Dec. Dig. § 20.*]

Appeal from Williamson County Court; T. J. Lawhon, Judge.

Action by W. F. Casey against A. A. McNeill and others. From a judgment in favor of plaintiff, defendants appeal. Reversed and dismissed.

James M. Robertson, for appellants. H. N. Graves, for appellee.

RICE, J. This suit was brought in the county court of said county by appellee, Casey, against the appellants on contract entered into between them and J. C. McElroy on the 26th of June, 1909, binding them to convey to him a certain tract of land situated in Bosque county, with the terms of which it is alleged they failed to comply. McElroy assigned and transferred a one-half interest in said contract to W. F. Harty, Esq., his attorney, in consideration of legal services; and subsequently both Mc-

Elroy and Harty, for an alleged valuable consideration, transferred and assigned to plaintiff Casey all their interest in said contract. It is alleged that by the terms of said contract McElroy was bound to pay over as earnest money the sum of $1,000 to said appellants, which he did, and which was to be applied in part payment of the purchase money for said land, if the trade was consummated; but if the same fell through on account of the default of appellants, then the amount was to be refunded by them to said McElroy. Plaintiff alleged that the said appellants had defaulted and failed to perform their part of said contract, whereby they became bound to refund said money to him as assignee thereunder, but which they had wholly failed and refused to do, whereby he, as assignee of said contract, is entitled to bring this suit for its recovery. He also alleged that McElroy and Harty guaranteed to him in writing the payment of said contract; whereupon he brought this suit against appellants, as well as McElroy, for the recovery of said $1,000 upon the alleged breach of said contract, as well as 8 per cent. interest thereon from the date thereof.

Appellants, defendants below, were alleged and shown to be residents of Bosque county, and the appellees McElroy and Harty were alleged and shown to be residents of Ellis and Williamson counties, respectively. The petition fully set out the contract between said McElroy and appellants, alleging its breach on their part, the transfer of the claim by McElroy to Harty, and its subsequent transfer and guaranty by them to appellee Casey, who brought this suit, as above stated, against appellants on said contract and against the appellees McElroy and Harty upon their guaranty of the payment thereof.

Appellants answered, first, by plea of personal privilege to be sued in Bosque, the county of their residence; second, by plea setting up that said transfer and guaranty was fraudulent, without consideration, and intended solely for the purpose of conferring jurisdiction over the defendants in Williamson county. They further pleaded that the contract between themselves and McElroy for a valuable consideration had been canceled, and by the terms thereof appellants were entitled to retain the money so paid thereon, in consideration of their releasing McElroy from said contract; also by general denial and a plea setting up that deeds had been tendered to said McElroy in accordance with the terms of said contract.

There was a judgment in favor of appellee Casey for $1,000, with interest thereon, and also judgment in his favor against McElroy and Harty upon their contract of guaranty in the sum of $500 each, with judgment over in their favor against appellants, from which this appeal is prosecuted.

The first questions raised by appellants in their brief is whether or not the county court of Williamson county had jurisdiction of the amount in controversy. [1] This suit is based upon breach of contract for the recovery of $1,000, with 8 per cent. interest thereon from the date of the alleged breach thereof. If plaintiff was entitled to recover interest upon said contract eo nomine, and not to recover the same as an element of damages for breach thereof, then the county court of Williamson county had jurisdiction; but otherwise not. In 2 Cyc. p. 565, it is said: "Where interest on a principal amount is a part of the claim or subject-matter involved in the controversy, such interest will be considered as determining appellate jurisdiction, and interest which is not given eo nomine, as upon a contract ascertaining the sum payable, but which is a part of the damages, is to be included in the amount in controversy in determining appellate jurisdiction."

In 22 Cyc. p. 1495, it is said: "Although in some cases of breach of contract to pay money, interest has been allowed thereon on the ground of an implied contract to pay interest that arises from the failure to pay the principal, the general rule, established by the great weight of authority, is that where there is a contract, express or implied, to pay money, even though such contract be silent as to interest, interest will be allowed upon its breach as damages, and not because of any promise to pay it. Interest in such cases is merely the measure of damages to be allowed, and this measure is a fixed and invariable standard, not subject to be varied because of peculiar or unusual damages sustained in any particular case, as the law contemplates no damages for the detention of money beyond the interest on such money. In some cases it has been held that, even where interest is provided for by contract in case of breach of contract to pay the principal sum when due, such interest is recoverable only as damages which have been liquidated by such agreement."

The settled rule in this state with reference to this matter seems to be that when interest is sought eo nomine, as flowing from and incident to the contract in writing sued upon, it will not be taken into account in determining the jurisdiction of the court; but the contrary is true where the same is sued for as an element of damages arising from the breach of the contract, and where the same is not specially recoverable as due under the contract itself. See Heidenheimer v. Ellis, 67 Tex. 426, 3 S. W. 666; Schultz v. Tessman & Bro., 92 Tex. 491, 49 S. W. 1031, and authorities there cited; Watkins v. Junker, 90 Tex. 584, 40 S. W. 11; Houston & Texas Central Railroad Co. v. Jackson, 62 Tex. 209, and authorities there cited; Dazey v. Pennington, 10 Tex. Civ. App. 326, 31 S. W. 312.

In Heidenheimer v. Ellis, supra, which

was a suit to recover the amount due upon a stated account and for interest thereon, wherein the court charged the jury, in effect, that if they believed that defendant was indebted to plaintiffs on stated account to return a verdict for the amount of said account, and interest thereon at 8 per cent. from the date of acknowledgment and promise to pay the same, it was contended that the charge was erroneous, in so far as it instructed the jury to allow interest from the time at which the payment was to have been made, etc. The court, in discussing this question, says: "It is frequently said in the decisions of the courts that interest is the creation of the statute. In a certain sense this is true, but as applied to one class of cases the phrase is misleading. Interest cannot be allowed eo nomine, unless expressly provided for by statute; but in many instances it may be assessed as damages when necessary to indemnify a party for an injury inflicted by his adversary, though the statute be silent upon the subject." Saying further: "The whole subject of interest is very ably discussed by Senator Spencer in the case of the Rensselaer Glass Factory v. Reid, 5 Cow. (N. Y.) 604, and the distinction between the cases in which interest is allowed eo nomine and those in which it is allowed only by way of indemnification made very clear. Referring to the latter, the opinion said: 'In such cases it is not an incident to the debt, but may be allowed under circumstances by way of mulct or punishment for some fraud or delinquency or injustice of the debtor, or for some injury done by him to the creditor.'" The court holding that, if it be conceded that the suit was not upon a written contract ascertaining a sum payable, as provided by article 2976 of the Revised Statutes (1879), nor upon open account as mentioned in article 2977 (in either event, as we understand it, interest would be allowed as upon a demand sued upon), yet remarked: "It is a stated account to be paid in cash upon delivery of goods, the sale of which constituted its consideration, and which had been delivered when the accounting was had. Here is a manifest delinquency on the part of the debtors, working a gross injustice to the creditors, and resulting in a wrong which cannot be compensated by any sum less than the principal and the interest on the debt from the time at which it ought to have been paid," citing cases, and thereafter holding, as we understand the case, that the amount sued for as interest might be alone recovered as damages. See, also, Savings Bank v. Sachtleben, 67 Tex. 420, 3 S. W. 733.

In Baker v. Smelser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163, which was a suit for the conversion of goods of the value of $1,000, and interest thereon, it was held that the county court had no jurisdiction, because the amount sued for as interest was not in fact interest, but was recoverable as an element of damages for the alleged conversion, and therefore when added, as it must be, to the amount sued for, exceeded the jurisdiction of the court; Chief Justice Gaines saying, in delivering the opinion of the court: "It is apparent from the record before us that the plaintiff must have claimed in his petition $1,000, the value of the goods converted, and additional damages for the conversion, measurable by the interest on that value from the date of conversion to the time of trial. If these damages are to be treated as 'interest' within the meaning of that term as used in the section of the Constitution from which we have quoted (section 16, art. 5), then the record fails to show that we have jurisdiction. If they are not to be so treated, then the sum sued for exceeds $1,000, exclusive of interest, and it is a case in which a writ of error lies to the judgment of the Court of Civil Appeals. Our statutes make no provision for allowing interest in actions of this character; but it belongs to a class of cases in which interest upon the amount of the pecuniary loss inflicted by the injury is allowed as a part of the damages. It is clear that in a suit for the conversion of a specific sum of money a recovery of that sum, without an allowance for the use of the money, would not adequately compensate the loss. The rate of interest established by law, being a fixed standard of the value of the use of money, is adopted by the court as the measure of that damage in such a case. When the statute does not expressly provide for the recovery of the interest, it is allowed, not eo nomine—that is, not as interest—but merely as damages. It would probably be more correct to say that rate of interest is resorted to in order to measure the damages accruing from the loss of the use of the money. As in case of the conversion of money, so in case of the conversion of goods, and in many others in which the statute does not expressly create a legal liability for interest. Heidenheimer v. Ellis, 67 Tex. 426, 3 S. W. 666. Recurring, then, to the provision of the Constitution now under consideration, we are of the opinion that it was intended to apply to cases in which interest is expressly given by statute, and not those in which the rate of interest is merely taken as a standard by which to measure in part the damages to be recovered. This case comes under the latter class; and, since we infer from the agreed statement and the judgment of the trial court that more than $1,000 must have been claimed in the petition, we conclude that jurisdiction over it has been given by the statute." Interest has been allowed for conversion or detention of money, and the same is allowed as damages, and not as interest on the money. See Bank v. Jones, 18 Tex. 811; Close v. Fields, 13 Tex. 623. Interest allowed as damages is regarded as such, and not

as interest. See Perley on the Law of Interest, p. 23; Browne et al. v. Steck, 2 Colo. 70.

Speaking with reference to county courts, section 16, art. 5, of our Constitution provides, among other things, that they shall have "exclusive jurisdiction in all civil cases when the matter in controversy shall exceed in value $200 and not exceed $500, exclusive of interest; and concurrent jurisdiction with the district courts when the matter in controversy shall exceed $500 and not exceed $1000 exclusive of interest."

Our statute on the subject of interest provides, in article 3101, formerly article 2976, Rev. Stat., as follows: That "on all written contracts ascertaining the sum payable, when no specified rate of interest is agreed upon by the parties to the contract, interest shall be allowed at the rate of six per cent. per annum from and after the time when the same is due and payable."

Now it is clear from the Constitution that if the item sued for as interest can be held or regarded as interest, and not as an element of damages, then the court below had jurisdiction of the amount in controversy; but, if said amount sued for as interest was in reality recoverable, if at all, as an element of damages as a punishment for appellants' delinquency in holding the money, then the same cannot be regarded as interest, but must be added to the principal amounts sued for, which would place the amount in controversy beyond the jurisdiction of the court. Now it would seem that if, under the statute above quoted, the contract, breach of which is made the basis of plaintiff's recovery, clearly ascertained the sum payable, then and in that event the interest sued for would be recoverable as interest and not as damages; but is the sum so payable clearly ascertained therefrom? We think not, for the reason that no amount is fixed definitely as payable from the terms of the contract, but in order to ascertain or determine the amount you must go outside of the contract and show its breach on the part of appellants before any sum can be recovered. It is true that upon certain conditions plaintiff would have a right to sue, and the measure of his recovery would be the amount stated in the contract; but this is not the amount ascertainable from the contract itself, but the ascertainment of the amount due is dependent upon a number of conditions outside of the contract, which would be necessary to show, in order to recover at all. We therefore think, under the authorities above quoted, that the amount sued for in this case as interest cannot be recovered as interest, but must be recoverable, if at all, as an element of damages for the purpose of compensating plaintiff for the detention of the money, and is based alone on appellants' delinquency or dereliction in failing to comply with the contract, the breach of which forms the basis of this suit. For which reason we hold that the amount in controversy was beyond the jurisdiction of the court; and since the court a quo had no jurisdiction, none can be conferred upon this court by appeal. [2] If an inferior court or tribunal has no jurisdiction of a case, an appeal from its judgments confers no jurisdiction upon the appellate court; but it seems, in such cases, that the latter court may entertain the appeal for the purpose of dismissing the same, without any adjudication upon the merits. See 2 Cyc. 537; Timmins v. Bonner, 58 Tex. 554; Moore v. Hildebrand, 14 Tex. 312, 65 Am. Dec. 118; Attridge v. Maxey, 15 Tex. Civ. App. 134, 39 S. W. 322; Hearn v. Cutberth, 10 Tex. 216.

Believing that the court below had no jurisdiction, its judgment is reversed, and the cause dismissed, and the costs of this court and the court below are taxed against appellee.

Reversed and dismissed.