ROBINSON v. LINGNER. (No. 7083.)

(Court of Civil Appeals of Texas. Galveston. Feb. 17, 1916.)

1. COURTS ⊜⟜122—JURISDICTION—GROUNDS—AMOUNT IN CONTROVERSY—ALTERNATIVE DEMANDS.

Where the petition pleaded facts, which, if true, justified a recovery of $750, but in another count pleaded further facts of a subsequent agreement barring the original claim and authorizing recovery of $500, it was for the recovery of the lesser sum, although it pleaded the alternative demands.

[Ed. Note.—For other cases. see Courts, Cent. Dig. §§ 413, 427; Dec. Dig. ⊜⟜122.]

2. COURTS ⊜⟜121(5)—JURISDICTION—GROUNDS—AMOUNT IN CONTROVERSY — ALTERNATIVE DEMANDS.

Plaintiff sued on a contract for a broker's commission of $750. A second count pleaded an oral agreement to pay him $500 in case of an exchange. The district court has jurisdiction only of amounts in excess of $500. Held, that it had jurisdiction of the claim for $500, although recovery of the larger amount was barred by the subsequent agreement, since any interest to be recovered on the lesser amount was in the nature of damages for detention of the money and properly part of the amount sued for, and not interest such as is allowed on an open account, or of a written contract ascertaining the sum payable as provided for in Rev. St. 1911, arts. 4977, 4978.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 419, 420; Dec. Dig. ⊜⟜121(5).]

3. BROKERS ⊜⟜82—ACTION—PLEADING.

Where a broker suing for an agreed commission pleaded the facts justifying recovery, the question whether the allegation that he was defendant's agent was a statement of a conclusion and not of fact, and whether exception thereto was erroneously sustained, was immaterial; his right to compensation being the same regardless of that question.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. ⊜⟜82.]

Appeal from District Court, Jackson County; John M. Green, Judge.

Action by P. C. Robinson against John Lingner. From a judgment dismissing the action, plaintiff appeals. Reversed and remanded.

Rose & Sample, of Edna, for appellant.

McMEANS, J. P. C. Robinson brought this suit against John Lingner to recover certain commissions alleged to be due him for his services in procuring a purchaser for a tract of land owned by the appellee. He alleged that during the year 1912, prior to September 1st, by a verbal contract entered into between him and appellee, he became the latter's agent for the sale or exchange of a certain 387.65-acre tract of land in Jackson county; it being stipulated in said contract that appellant should make reasonable efforts to find or procure some person or persons to whom appellee might, within a reasonable time, sell or exchange said land at the price of $75 per acre, a total of $29,073.75, and that in case of a sale to any such person or persons found or procured by appellant he should be paid by appellee a commission of 5 per cent., or, in case of an exchange, 2½ per cent. of the exchange value, at the time of the consummation thereof, for his commission. He further alleged that on or about the 2d day of December, 1912, appellee did convey said land by way of exchange to persons found and procured by him, at an exchange value of $30,000, and on said date there became due appellant his commission of 2½ per cent., amounting to $750, and he was entitled to recover same, together with interest from its due date. Appellant further alleged that, after he had procured the person to whom appellee conveyed his said land by way of exchange, and had brought them to him, and just before the contract for such exchange was, on the 21st day of October, 1912, made, appellee verbally agreed to pay appellant at the time of the consummation of the exchange $500 for his services already performed and which he might thereafter perform in aiding in bringing about the consummation of said exchange. Then follow the allegations that the exchange was finally consummated on or about the 2d day of December, 1912, at which time appellee became liable and bound to pay appellant the said sum of $500, together with interest from its due date, under and by virtue of this second agreement. The petition closed with the following prayer:

"Wherefore plaintiff prays judgment against defendant for the sum of $750 with 6 per cent. interest from December 2, 1912, if such judgment be proper; if not, he prays that he have judgment for the sum of $500 with 6 per cent. interest thereon from December 2, 1912, until paid; that he have judgment for his costs here-in and for all relief, general and special, to which in law and in equity he may be entitled."

The defendant filed a plea in abatement in which he urged that the court was without jurisdiction for the reason that the amount in controversy was only $500 exclusive of interest, and presented a general demurrer to the petition based upon the claim that the amount sued for was below the jurisdiction of the court. Both the plea in abatement and the demurrer were sustained by the court, and the suit was dismissed, and from the judgment of dismissal the appellant has prosecuted this appeal.

By his first assignment of error appellant complains of the action of the court in sustaining the defendant's plea in abatement and general demurrer, for the reason, in effect, that appellant pleaded and relied for a recovery (a) upon an express verbal contract, by the terms of which he was entitled to recover of defendant $750 and 6 per cent. interest from December 2, 1912, as damages, or (b) upon an express verbal contract by the terms of which he was entitled to recover of defendant $500 and 6 per cent. interest from December 2, 1912, as damages, his

prayer being in the alternative; and that the court had jurisdiction of the subject-matter regardless of whether the petition be construed as asserting a cause of action for a recovery of $750 or $500.

[1] Plaintiff in his petition pleaded facts, which, if true, justified a recovery for $750, provided he had not gone further and pleaded facts which showed that his right to recover that sum had been lost as a result of a subsequent agreement by which the obligation on the part of the defendant to pay him that sum had been mutually abrogated and a new contract mutually substituted, whereby he was entitled to recover only $500. These facts appearing in his pleading when viewed as a whole, we think the trial court properly construed his suit to be one for recovery of the lesser sum, even though plaintiff counted upon both and prayed for a recovery in the alternative.

[2] Conceding, then, that plaintiff's cause of action was for the recovery of the principal sum of $500 and interest thereon from the time the money was contracted to be paid to him, did the district court have jurisdiction of the amount in controversy? We think this question must be answered in the affirmative. Plaintiff alleged that by the terms of the agreement the defendant became obligated to pay him $500 on the day the exchange of the land was consummated, which was December 2, 1912, and that he was entitled to a judgment for said sum and for 6 per cent. per annum interest thereon from said date. That the district court has not jurisdiction of suits where the amount in controversy is exactly $500, exclusive of interest, is well settled in this state. Railway Co. v. Rambolt, 67 Tex. 654, 4 S. W. 356; Garrison v. Express Co., 69 Tex. 345, 6 S. W. 842. But the interest here spoken of is interest eo nomine, such as is allowed by article 4977, Revised Statutes, on all written contracts ascertaining the sum payable, when no specified rate of interest has been agreed upon by the parties to the contract; or by article 4978, upon open accounts. In both classes above mentioned interest is allowed as an incident of the debt, and cannot be added to the principal sum sued for in order to confer jurisdiction upon the court. To illustrate: Suppose the suit is to recover upon a debt for exactly $500, evidenced by a written contract ascertaining the sum payable, or by an open account. Here the right to recover interest would flow from the contract itself as an incident thereof, and could not be added to the principal sum in order to bring the amount sued for within the jurisdiction of the court. But the interest sued for in this case does not fall within the class of an open account (McCamant v. Batsell, 59 Tex.

363), or within the class of a written contract ascertaining the sum payable (Heidenheimer v. Ellis, 67 Tex. 426, 3 S. W. 666; Watkins v. Junker, 90 Tex. 584, 40 S. W. 11; Railway v. Jackson, 62 Tex. 209; McNeil v. Casey, 135 S. W. 1130), but within that class of cases in which a sum equal to the legal rate of interest may be recovered as damages for detention of money or some other delinquency, and may therefore be taken into consideration in determining whether the entire amount sued for is within the jurisdiction of the court. McNeil v. Casey, above cited, is a case in which the petition filed in the county court alleged that plaintiff purchased land of defendant and paid $1,000 as earnest money, and that by the terms of the contract, if the trade fell through on account of defendant's default, such amount was to be refunded; that the defendant had defaulted, but had refused to refund the sum in question, and recovery thereof, with interest, was sought, and it was held that the county court had no jurisdiction, because the amount sued for was beyond the jurisdiction of the county court, in that the interest sued for could be recovered only as damages. In writing the opinion of the court, Associate Justice Rice uses this language:

"The settled rule in this state with reference to this matter seems to be that when interest is sought eo nomine, as flowing from and incident to the contract in writing sued upon, it will not be taken into account in determining the jurisdiction of the court; but the contrary is true where the same is sued for as an element of damages arising from the breach of the contract, and where the same is not specially recoverable as due under the contract itself."

It follows that it is our opinion that the court erred in sustaining the plea in abatement and general demurrer, and in dismissing the case, and for this error the judgment of the court below must be reversed.

[3] The action of the court in sustaining the special exception to plaintiff's petition to the effect that the allegation that plaintiff was the defendant's agent for the sale of the land was a statement of a conclusion and not of fact, even if erroneous, is immaterial. Plaintiff pleaded a contract by and under which he was authorized to find a purchaser for the land, performance thereof upon his part, and the facts which entitled him to a recovery. Whether the contract constituted him defendant's agent neither added to nor detracted from his right to recover the amount agreed upon by the parties to be paid to him as compensation for his services.

For the error indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.