## SIMS v. SINTON STATE BANK OF SIN-TON. (No. 6692.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 15, 1922. Rehearing Denied March 8, 1922.)

1. Courts ⬛121(5)—When interest sued for is considered in ascertaining jurisdiction.

Interest sued for eo nomine as an incident to a contract is not considered in determining jurisdiction, but, where sued for only as an element of damages arising from a breach of contract or tort, it must be considered.

2. Courts ⬛121(5)—Action for $500 and interest as damages held within the district court's jurisdiction.

Where plaintiff deposited for collection with defendant bank a customer's draft on another bank for $500, and defendant on collection thereof did not credit such amount to the plaintiff, the action for detention, in which the plaintiff sued for the amount of the draft and damages, was within the jurisdiction of the district court.

Appeal from District Court, San Patricio County; M. A. Childers, Judge.

Suit by M. M. Sims against the Sinton State Bank of Sinton. Judgment of dismissal, and plaintiff appeals. Reversed and remanded.

Geo. C. Westervelt, of Corpus Christi, for appellant.

James G. Cook, of Sinton, for appellee. ·

FLY, C. J. Appellant sued appellee to recover $800, alleging that on or about December 7, 1910, appellant drew a customer's draft on the Homer National Bank of Homer, La., and deposited the same with appellee for collection, and appellee on or about December 12, 1910, collected said draft, but failed to place it to the credit of appellant, which fact was not discovered by appellant until May 31, 1919, at or about which date appellee denied holding such funds for appellant, and that appellee had converted said $500 to its own use, and he claimed the original $500 and $300 as damages. The court dismissed the cause for want of jurisdiction in the district court, concluding "that the draft became nothing more nor less than a general deposit with the bank, and that by reason of the deposit, the relation of creditor and debtor arose between plaintiff and defendant," and that exclusive of interest the amount in controversy did not exceed $500. The court refused to hear the cause on an amended petition filed by appellant.

[1] The allegations show that the $500 was never deposited in appellee's bank, but that it was, after being collected by appellee, fraudulently converted to its own use.

This was a suit for conversion of appellant's money, and is a case in which the statutes make no provision for interest and there was no contract binding appellee to pay interest. If the relation of bank and depositor had been created, appellant could not have recovered interest as interest because the law, in the absence of a contract, would not permit a depositor to collect interest from his bank. In article 4977, Rev. Stats., provision is made for 6 per cent. interest on written contracts when no interest is specified, and in article 4978, interest is allowed on all open accounts, when interest is not specified, at the rate of 6 per cent. from the 1st day of January after the accounts are made. Neither of these laws applies to the bank and depositor. Appellant could not claim interest against appellee except as damages given for punishment of a tort. It is the settled rule in Texas that interest sued for eo nomine as an incident to a contract is not considered in determining jurisdiction, but where sued for only as an element of damages arising from a breach of contract or tort, it must be considered in ascertaining jurisdiction. Close v. Fields, 13 Tex. 623; Bank v. Jones, 18 Tex. 811; Fowler v. Davenport, 21 Tex. 635; Railway v. Jackson, 62 Tex. 209; · Heidenheimer v. Ellis, 67 Tex. 426, 3 S. W. 666; Baker v. Smelser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163; Watkins v. Junker, 90 Tex. 584, 40 S. W. 11; Schulz v. Tessman, 92 Tex. 491, 49 S. W. 1031; McNeill v. Casey (Tex. Civ. App.) 135 S. W. 1130; Robinson v. Lingner (Tex. Civ. App.) 183 S. W. 850.

In the early case of Close v. Fields, herein cited, money had been collected by the defendant for the plaintiff and appropriated by the collector, and the court held that, where one collects money for another and refuses to pay it over, the measure of damages would be the principal and the lawful rate of interest. In the cited case of Bank v. Jones, a bank had converted a deposit, and the court held that interest could be recovered only as damages. The court said:

"On principle the plaintiff is entitled to his damages as well for the tortious conversion of money as property; and as legal interest is the only rule by which to measure the damages, it is not perceived that there can be error in instructing the jury to allow interest."

As said in a quotation made in Heidenheimer v. Ellis, herein cited, from a New York case (Rensselaer Glass Factory v. Reid, 5 Cow. 604), referring to cases where interest is allowed for indemnification:

"In such cases it is not an incident to the debt, but may be allowed * * * by way of mulct or punishment for some fraud or delinquency or injustice of the debtor, or for some injury done by him to the creditor."

⬛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] The trial court held that the suit was only one for detention of money and, if that be true, interest could not be recovered eo nomine, but as damages, for, as said in Robinson v. Lingner, herein cited, the suit could not be classed as one on an open account or on a written contract, but would fall "within that class of cases in which a sum equal to the legal rate of interest may be recovered as damages for detention of money or some other delinquency, and may therefore be taken into consideration in determining whether the entire amount sued for is within the jurisdiction of the court."

This question is fully discussed by Chief Justice Gaines in the cited case of Baker v. Smelser, which was one of conversion, and it was held:

"Our statutes make no provision for allowing interest in actions of this character; but it belongs to a class of cases in which interest upon the amount of the pecuniary loss inflicted by the injury is allowed as a part of the damages. It is clear, that in a suit for the conversion of a specific sum of money, a recovery of that sum, without an allowance for the use of the money, would not adequately compensate the loss. The rate of interest established by law being a fixed standard of the value of the use of money, is adopted by the court as the measure of that damage in such a case. When the statute does not expressly provide for the recovery of the interest, it is allowed not eo nomine—that is, not as interest, but merely as damages. It would probably be more correct to say that rate of interest is resorted to, in order to measure the damages accruing from the loss of the use of the money. As in * * * the conversion of money, so in the case of the conversion of goods, and in many others in which the statute does not expressly create a legal liability."

We think the district court, under the pleadings, had jurisdiction of this cause and that it should be tried therein.

The judgment is reversed and the cause remanded.

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes