### STUMP v. F. A. OFFICER & CO. (No. 6923.)

(Court of Civil Appeals of Texas. San Antonio. April 4, 1923.)

**1. Courts ⚖︎169(4)—When interest is considered in ascertaining jurisdiction.**

Interest sued for eo nomine as an incident to a contract is not considered in determining jurisdiction, but is considered where sued for only as an element of damages arising from a breach of the contract or tort.

**2. Courts ⚖︎169(4)—Interest considered in ascertaining amount in controversy.**

Where petition alleging the breach of a contract pleaded damages in a specified amount, and prayed for the recovery of a judgment for "said damages, interest and costs of suit and for general and special relief," the interest constituted part of the damages in ascertaining the amount in controversy for the purposes of jurisdiction.

**3. Courts ⚖︎170—"Amount in controversy" dependent on allegations of original petition when amended petition does not set up new cause of action.**

The amount in controversy, for the purpose of ascertaining jurisdiction, depends upon the allegations of the original petition when the amended petition does not set up a new cause of action, and hence, where the amount of damages with interest to the date the original petition was filed did not exceed amount of which the court had jurisdiction, the fact that the amended petition asked for interest from stated date prior to filing of original to date of filing of amended petition, so that the damages asked with such interest would exceed the amount of which the court had jurisdiction, did not deprive the court of jurisdiction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Amount in Controversy.]

Appeal from Tarrant County Court; P. W. Seward, Judge.

Suit by W. I. Stump against F. A. Officer & Co. Demurrer to jurisdiction sustained, and plaintiff appeals. Reversed and remanded.

Power, Dryden & Rawlings and Stewart & McGaw, all of Fort Worth, for appellant.

McCart, Curtis & McCart, of Fort Worth, for appellee.

FLY, C. J. Appellant sued appellee, alleging the breach of a contract for the purchase from it of ten cars of bright baled oat straw at the rate of $15 per ton, and a brokerage fee of $3 per car, which was to be allowed appellant. Appellant pleaded damages in the sum of $870, and for his interest and costs of suit. The original petition was filed on February 5, 1920, and on December 1, 1921, an amended petition was filed setting out the cause of action in detail, and praying for the recovery "of the sum of $870, his said damages sustained by breach of said contract, and interest on said amount from December 1, 1917, at the rate of 6 per cent. per annum." The court sustained a demurrer to its jurisdiction, because the amount in controversy was more than $1,000.

[1] There is no provision in the statutes of Texas for interest on damages claimed for a breach of contract, and consequently it belongs to a class of cases in which interest upon the amount of damages is allowed as a part of the damages. As said by this court in Sims v. Sinton State Bank, 238 S. W. 316:

"Appellant could not claim interest against appellee except as damages given for punish-

ment of a tort. It is the settled rule in Texas, that interest sued for eo nomine as an incident to a contract is not considered in determining jurisdiction, but, where sued for only as an element of damages arising from a breach of contract or tort, it must be considered in ascertaining jurisdiction"—citing Close v. Fields, 13 Tex. 623; Bank v. Jones, 18 Tex. 811; Fowler v. Davenport, 21 Tex. 635; Railway v. Jackson, 62 Tex. 209; Heidenheimer v. Ellis, 67 Tex. 426, 3 S. W. 666; Railway v. McCarty, 82 Tex. 608, 18 S. W. 716; Baker v. Smelser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163; Watkins v. Junker, 90 Tex. 584, 40 S. W. 11; Schulz v. Tessman, 92 Tex. 491, 49 S. W. 1031; McNeill v. Casey (Tex. Civ. App.) 135 S. W. 1130; Robinson v. Lingner (Tex. Civ. App.) 183 S. W. 850; Bell v. Gerlach (Tex. Civ. App.) 205 S. W. 470; Walker v. Alexander (Tex. Civ. App.) 212 S. W. 713; Railway v. Allen (Tex. Civ. App.) 189 S. W. 765.

[2, 3] This suit was instituted on February 5, 1920, it being alleged that the cause of action accrued on December 1, 1917, two years, four months, and two days prior to the institution of the suit. The claim of appellant in his original petition, principal and interest, amounted to about $984, which was within the jurisdiction of the court. The cause of action will be tested by the allegations of the original petition, when the amended petition does not set up a new cause of action. In the original petition the prayer was:

"Wherefore plaintiff prays that citation issue to the defendant, that it be compelled to answer herein, that this cause be set down for hearing, and that plaintiff recover judgment against the defendant for his said damages, interest, and costs of suit, and for general and special relief."

In the case of Railway v. Fromme, 98 Tex. 459, 84 S. W. 1054, the prayer was as follows:

"Plaintiff says that on account of defendant's default as hereinbefore set out he has been damaged in the sum of $95 and though often requested so to do defendant has failed to pay the same or any part thereof. Wherefore plaintiff prays that defendant be cited to answer this petition, and that upon final trial he have judgment for his damages, interest, and costs of suit, and for such other and further relief to which he may be entitled either in law or equity."

The two prayers are very similar, the only marked difference being that appellant herein desired to compel appellee to answer. The Supreme Court held that the amount sued for was the $95 and the interest, which was to be considered as a part of the damages, and not merely as interest. The court said:

"It was the purpose to claim $95, damages, for the failure to deliver the car, and additional damages at 6 per cent. for delay of payment."

We hold that this suit was for $870 damages and additional damages at 6 per cent. for delay of payment, the total amount being about $984. Railway v. Rayzor, 106 Tex. 544, 172 S. W. 1103; Gulf Transportation Co. v. Dillard (Tex. Civ. App.) 187 S. W. 975,

The cause of action being clearly within the jurisdiction, the amendment did not destroy the jurisdiction of the court by praying for the interest up to the date it was filed, although the amount then exceeded the jurisdiction of the county court. As said by the Supreme Court in Railway v. Underwood, 100 Tex. 284, 99 S. W. 92, 123 Am. St. Rep. 806:

"For most purposes an amended petition, which sets up no new cause of, action, takes the place of the original petition, and relates back to the time of the institution of the suit. Tolbert v. McBride, 75 Texas, 95. The claim which it asserts is to be regarded as if asserted when the suit was brought. The question as to the amount put in controversy in this case by the plaintiff's pleadings must, therefore, be determined as if it arose upon the original petition. Thus tested, no more was claimed than the court then had jurisdiction to adjudge. The date of the institution of the suit is not given by the certificate, but it appears that it must have been before January 5, 1904, when the second amended petition was filed. Up to that time 6 per cent. added to the amount of damage alleged to the cattle would not exceed $1,000. Hence it is evident that the amount claimed when the suit was brought was within the jurisdiction of the county court, and judgment for that amount could have been rendered had the cause been then tried. Taking the amended pleading as speaking from that date, it claimed no more than it is to be presumed was claimed in the original petition. The cause of action asserted was of such a nature that damages might accumulate pending the action, which is true of many actions, as, for instance, those brought for the use of property detained, and the like; but the accrual of further damages in cases of that character does not take away the power of the court to give judgment for an amount claimed which is within its jurisdictional limits. The plaintiff in such cases, with proper pleadings, may recover the entire damage which he has suffered up to the trial, but this right may be restricted by the law limiting the jurisdiction of the court in which he has seen fit to sue. Having brought his action for an amount within the jurisdiction, he is entitled to such judgment as the court has power to render."

That decision is clear and absolutely conclusive of the issues in this case. It has been often cited, and its soundness never questioned.

The judgment is reversed, and the cause remanded.