## McELROY et al. v. INDUSTRIAL PETROLEUM CO (No. 9094.)

(Court of Civil Appeals of Texas. Dallas. March 29, 1924.)

Justices of the peace ⬥⇒44(8)—Action ex delicto to recover $200 and "interest" held not within jurisdiction.

Under Const. art. 5, § 19, limiting jurisdiction of justices of the peace to cases involving "$200 or less, exclusive of interest," by "interest" is meant interest as defined by statute, and not interest allowed as damages for indemnification, and an action to recover $200 obtained from plaintiff by fraud with interest thereon was not within the jurisdiction of the justice court, the interest sought being for indemnification, and not interest within the meaning of the statute, which limits such interest to that arising from contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest.]

Appeal from Grayson County Court; R. M. Carter, Judge.

Action by H. L. McElroy and others against the Industrial Petroleum Company. From an order of the county court dismissing an appeal from a judgment of the justice court in favor of plaintiffs, plaintiffs appeal. Affirmed.

---

G. C. Harney, of Sherman, for appellants.
H. P. Abney, of Sherman, for appellee.

LOONEY, J. This is an appeal from an order of the county court of Grayson county dismissing an appeal from the justice court.

Appellants, plaintiffs below, sued appellee, a trust estate, in the justice court to recover $200 with 8 per cent. interest thereon from January 1, 1921, alleging that appellee, through an agent, represented to them that it possessed certain leases in the state of Louisiana; that they were about to drill, and would drill, a well, or wells, on the property for the purpose of discovering oil; that the well or wells would be brought in within a reasonable time; and, upon the strength of these representations, appellants were induced and did buy 200 shares of the stock of appellee, paying $1 per share, amounting to $200; that the inducing representations were false and fraudulently made, in that appellee did not own, and has never owned, any holdings in the state of Louisiana, nor has it made any effort to drill a well or wells. Wherefore appellants prayed for judgment for $200 with 8 per cent. interest from January 1, 1921.

Appellants obtained judgment in the justice court for the full amount sued for, with interest. The case was taken to the county court by appellee, where a motion was made to dismiss the cause for the want of jurisdiction. The ground of the motion is as follows:

"Defendants would show that said justice court had no jurisdiction of the cause of action for the reason that the amount in controversy as shown by plaintiffs' pleadings is more than $200; that because said justice court had no jurisdiction of said cause this court takes no jurisdiction on appeal."

The county court sustained the motion and dismissed the cause from which judgment of dismissal appellants appealed, and have assigned error.

There is but one question involved, that is, whether the item of interest sued for constituted interest eo nomine, that is, interest defined in the statute, or interest allowed in the nature of damages. If the former, the justice court had jurisdiction of the cause, but, if the latter, the amount sued for exceeded the jurisdiction of the justice court, and the judgment of dismissal was correctly rendered. It is our opinion that the judgment of the county court was correct. Interest as defined in the statute "is the compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money." Rev. St. art. 4973. This definition forbids the idea that interest, that is, interest within the meaning of the statute, can arise from any source other than from a contract. Appellants' suit is for money had and received, based on allegations of fraud, and arises ex delicto. The compensation in the nature of interest sued for by appellants is for indemnification, and not interest within the meaning of the statute.

In the case of Watkins v. Junker, 90 Tex. 586, 587, 40 S. W. 11, Judge Brown, for the Supreme Court, drew this distinction in the following language:

"It is objected in this case that interest is a creature of the statute and cannot be allowed upon unliquidated damages. It is true that interest, strictly speaking, exists only by statutory law; but it is likewise true that courts have recognized the fact that compensation for detention of that which is due on account of injury inflicted is an element of damages necessary to the complete indemnity of the injured party and the courts have, by analogy, adopted the legal rate of interest fixed by statute as the standard by which to be governed in assessing damages for the detention of money. * * * It may not be technically correct to call this compensation interest, but that is a term so familiar that it is perhaps the most expressive and intelligible that could be used to inform the jury what the rights of the parties are. At any rate, the use of the word does not constitute error for which a judgment would be reversed."

The jurisdiction of a justice of the peace is defined in the Constitution (article 5, § 19) as follows:

"Justices of the peace shall have jurisdiction * * * in civil matters of all cases where the amount in controversy is two hundred dollars or less, exclusive of interest, of which exclusive original jurisdiction is not given to the district or county courts."

In determining jurisdictional questions in a number of cases the courts have construed the phrase "exclusive of interest" to mean interest eo nomine, that is statutory interest as distinguished from compensation allowed by analogy to interest as an element of damages necessary to the complete indemnity of the injured party. On the one hand, in determining jurisdiction the interest sued for is excluded, whilst, on the other, it is included as a part of the sum for which the particular suit was brought.

In Escue v. Hartley (Tex. Civ. App.) 202 S. W. 160, Judge Talbot stated the question as follows:

"The decision of the question turns on whether the interest prayed for is recoverable, under the allegations of appellant's petition, as an element of the damages necessary to the complete indemnity of appellant for the detention of the sum of money claimed to be due him, or as interest eo nomine, under the statute fixing the legal rate for the detention of money. * * * In such a case the interest which may be recovered for a breach of the contract is a creature of the statute and allowed eo nomine and not as compensation for the detention of that which is due on account of injury inflicted, as 'an element of damages necessary to the complete indemnity of the injured party.'"

See Pierce Oil Co. v. Gilmer Oil Co. (Tex. Civ. App.) 230 S. W. 1118; Walker v. Alex-

ander (Tex. Civ. App.) 212 S. W. 714; Houston & T. C. Ry. Co. v. Jackson, 62 Tex. 209; Heidenheimer v. Ellis, 67 Tex. 426, 3 S. W. 666.

In the recent case of Federal Life Ins. Co. v. Kriton, 249 S. W. 194, the Commission of Appeals drew the distinction in the following language:

"The 'interest' meant by the foregoing provision [article 1589, R. S., fixing jurisdiction] is interest expressly given by statute, frequently designated as interest eo nomine, and not interest sometimes allowed as part of the damages or by way of indemnification. Baker v. Smelser, 88 Tex. 28, 29 S. W. 377, 33 L. R. A. 163. To state the question concisely: If the interest allowed in the present case is interest eo nomine, the Court of Civil Appeals has no jurisdiction of the case."

The interest sued for in the case at bar is not statutory, in that it is not contractual, but is founded on deceit and fraud, is therefore ex delicto, and cannot be excluded in determining the jurisdiction of the court. It follows that the amount involved was beyond the jurisdiction of the justice court, and the county court committed no error in dismissing the cause. Its judgment therefore is affirmed.

Affirmed.